Denver R. GENTRY v. FIRST
AMERICAN NATIONAL BANK et al

78-175                                          575 S.W. 2d 152

Opinion delivered January 8, 1979
(Division II)

*Rice & Batton, P.A.,* by: *Ben E. Rice,* for appellant.

*Harold W. Madden,* for appellees.

CONLEY BYRD, Justice. Appellant Denver R. Gentry and Appellee Gary G. Wallis were both officers of Sunshine Mobile Homes, Inc. Pursuant to a corporate resolution Gentry and Wallis endorsed on June 20, 1974, a $10,000 note executed by Sunshine Mobile Homes, Inc. Renewals of this note were similarly executed through June 16, 1975. On November 4, 1975, Sunshine Mobile Homes executed another note to the First American National Bank in the amount of $24,500. At that time Gentry and Wallis executed a $24,500 guaranty agreement which provided:

> "This guaranty is continuing, absolute and unconditional and remains in full force and effect until . . . any and all indebtedness and obligations existing before receipt of such notice are fully paid. . . . Liability **hereunder is not affected or impaired by** any surrender, compromise, settlement, release, renewal, extension, authorization, substitution, exchange, modification or other disposition of any said indebtedness and obligations."

Payments were made on the $24,500 note from time to time. A renewal in the amount of $15,341.35 was executed and endorsed on February 3, 1975. A like such endorsement was executed on May 5, 1975 for the then balance of $4,791.35.

On December 16, 1975 the indebtedness on the $10,000

note and the balance due on the $24,500 indebtedness were consolidated into a Sunshine Mobile Homes, Inc. Renewal Promissory Note and Security Agreement in the amount of $14,791.35. This note had typed on it places for the endorsement of Wallis and Gentry. However, the note was only signed by Wallis. After Wallis had paid fifty percent of the $14,-791.35 renewal note, the First American National Bank brought an action against the defunct Sunshine Mobile Homes, Inc. and Wallis and Gentry. The trial court upon a stipulation of the facts rendered judgment in favor of First American National Bank against both Wallis and Gentry and also gave Wallis a judgment for contribution against Gentry for payments in excess of his pro rata part of the obligation. Gentry has appealed.

Gentry contends that the December 16, 1975 note is clearly the personal obligation of Wallis under the provisions of the Uniform Commercial Code, Ark. Stat. Ann. § 85-3-401 (Add. 1961) and that by virtue of the fact Wallis became the only obligor on the note, Gentry was released from the $24,-500 guaranty agreement, citing *National Bank of Eastern Arkansas* v. *Collins,* 236 Ark. 822, 370 S.W. 2d 91 (1963) and *Spears* v. *El Dorado Foundry,* 242 Ark. 590, 414 S.W. 2d 622 (1967).

We cannot agree with appellant Gentry that the December 16, 1975 renewal signed only by Wallis discharged Gentry from his guaranty agreement. The case of *National Bank of Eastern Arkansas* v. *Collins, supra,* involved a construction of a warranty to see if counsel fees charged to the bank in excess of those allowed by law for foreclosure of a note secured by a mortgage were within the terms of a guaranty agreement. We merely held that the excess fees were not within the terms of the guaranty agreement.

Neither can Gentry find any help in *Spears* v. *El Dorado Foundry, supra.* There Spears, while a corporate member of Southern States Mechanical Contractors, Inc., executed a guaranty agreement covering an open account. After Spears, with notice to El Dorado Foundry, withdrew from Southern States Mechanical Contractors, Inc. and went into business for himself, El Dorado Foundry took a promissory note from Southern States Mechanical Contractors, Inc. and assigned

the note to a bank. After several renewals and after Spears had been discharged in bankruptcy, El Dorado Foundry brought suit upon the guaranty agreement. We there held that the actions of El Dorado Foundry in reducing the open account to a negotiable instrument and extending the time of payment amounted to a discharge of Spears. However, the guaranty signed by Gentry specifically recognizes that Gentry's liability is not affected by renewals or extensions of the obligations guaranteed. No such agreement for renewals or extensions were contained in the agreement signed by Spears.

Another contention of appellant Gentry is that the execution of the December 16, 1975 "Sunshine Mobile Homes, Inc." "Renewal" by only Wallis amounted to a novation which substituted Wallis personally for the original obligation. Novation is a matter of intent, *Simmons National Bank* v. *Dalton*, 232 Ark. 359, 337 S.W. 2d 667 (1960), and in the stipulated facts Gentry did not carry out his burden of proving that the December 16, 1975 renewal was a novation agreement.

Other contentions by Gentry have become moot in view of Gentry's liability upon the guaranty agreement.

Wallis correctly points out that appellant Gentry failed to properly abstract the record in this case, *Bank of Ozark* v. *Isaacs*, 263 Ark. 113, 563 S.W. 2d 707 (1978) and *Lewis* v. *Miller*, 263 Ark. 154, 563 S.W. 2d 435 (1978), and asks for an allowance of costs and fees for abstracting the record. An additional $150 is allowed appellee's counsel for fees in abstracting the record and shall be taxed in addition to the costs.

Affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.