## William A. BRANDON *v.* WORTHEN BANK & TRUST CO., N.A.

CA 82-24                                   639 S.W.2d 66

Court of Appeals of Arkansas
Opinion delivered September 15, 1982
[Rehearing denied October 13, 1982.]

*Moses, McClellan & McDermott,* by: *Harry E. McDermott, Jr.,* for appellant.

*Wright, Lindsey & Jennings,* for appellee.

LAWSON CLONINGER, Judge. This action was instituted by appellee, Worthen Bank and Trust Company, to recover from Richard A. Abshire and appellant, William A. Brandon, on a promissory note allegedly executed by Abshire and appellant Brandon on December 5, 1979, in the amount of $30,641.04, due February 4, 1980. A second note was executed solely by Abshire on March 18, 1980, in the amount of $31,032.75, due June 16, 1980, and it is appellant's contention that the second note paid the first note, thereby discharging appellant from liability. Nothing was paid on either note.

Abshire did not appear at trial, and judgment was entered against him on the second note. In a non-jury trial, the trial court found that the second note executed by Abshire was taken by appellee bank as an extension of the time for payment of the original note, and gave judgment for appellee against Abshire and against appellant as a co-maker on the original note.

For reversal appellant urges that he was discharged when the bank substituted the new loan for the existing loan, and that the bank discharged Brandon by suspending its right to enforce against Abshire whether it be an extension or new note.

We hold that appellant's argument has merit, and the decision of the trial court is reversed.

The only evidence relating to the execution of the original note and the second note are the official bank records: Appellant Brandon denies that he signed the original note and alleges that he was not even aware that there was a second note; Mr. Abshire did not appear at the trial; and appellee's loan officer involved in the transactions was unavailable. The intent of the parties at the time of the execution of the notes thus must necessarily be determined on the basis of the bank records and correspondence between appellant and bank officers after collection on the notes was attempted.

The original note, for $30,000 plus interest of $641.04, purports to be signed by Abshire and appellant as co-makers. Testimony showed that Abshire was indebted to Brandon Van & Storage Company, a company owned by appellant, in the sum of $30,000. After appellant demanded payment, Abshire obtained a loan from appellee and used the proceeds to repay the Brandon Van & Storage Company loan. Bank records show that the proceeds of the original note were paid to Abshire only. Appellant denies that he signed the original note, but in the alternative contends that if he signed the note at all, it was only as an accommodation maker. The trial court found that appellant did sign the

original note, and that finding is not clearly against the preponderance of the evidence.

The original note was extended by appellee for thirty days, until March 4, 1980, and then on March 18, 1980, Abshire made an application for a new loan and signed a second note. The loan application shows that the second loan was assigned a new number and noted that it paid off the first loan. The interest rate on the original note was 13%, and the rate on the second note was 14%. On the bank's ledger card for the original loan a notation recites "Paid out." At the bottom of the ledger card are two credit or closing entries; one in the amount of $657.04 for the amount of interest owed, and the other in the amount of $30,000 for the principal owed. Below the credit entries on the ledger card was written, "3/20/80 papers to new loan."

This case is very similar to *Young* v. *Farmers Bank & Trust Company*, 248 Ark. 613, 453 S.W.2d 47 (1970). There, Farmers Bank & Trust Company brought an action upon a $13,000 promissory note executed by Clyde Young and co-signed by Clyde's brother as an accommodation maker. Upon filing the suit, the bank attached Clyde's interest in certain land. The validity of the attachment depended upon whether Clyde was still liable on the note. Clyde contended that the bank released him from liability on the original note by accepting in its place a substitute note for $13,000, plus $850 interest, executed solely by Clyde's brother Johnny. The trial court held in favor of Clyde. On appeal the bank asserted that there was no consideration for its proposed release of Clyde's liability. The Arkansas Supreme Court affirmed the decision of the trial court, stating that a creditor is at liberty to accept one debtor in place of another if a creditor chooses to do so. The court cited Corbin on *Contracts,* § 1293 (1962) which states:

> When two persons are jointly indebted to a third, the creditor may accept the note of one of them either as a mere collateral security or as a substituted contract and satisfaction. If the latter is found to be the fact, the co-obligor is at once discharged by novation. . . . if a promissory note is given and is accepted as immediate

discharge of a prior claim and in substitution for it, there is no revival of the original right even though the note is never paid.

In the *Young* case, the court held that there was ample proof to show that the bank had accepted Johnny Young as its sole debtor. The court noted that after Johnny Young had executed the second note, the bank entered that $13,580 payment as a credit to Clyde's ledger account, reducing that account to exactly zero.

In the instant case, the evidence clearly supported appellant's position that a new obligation was formed when the second note was created: a new loan number was given the second note executed by Abshire; the interest rate was changed on the second note from 13% to 14%; notations on the ledger card of the first note indicate that the note was "paid out" and credit entries of the principal and interest due on the note were made; the new loan was signed by Abshire solely on March 18, 1980; the loan application indicates that the $30,000 was to be disbursed to the first loan; Mr. Jordan, the Worthen Bank manager, admitted that the loan application showed that the second loan paid off the first loan; when the bank filed suit, it attempted only to collect and seek judgment on the second note.

In light of the above stated facts, it is the opinion of this court that the trial judge's decision that the second note of Richard Abshire, dated June 18, 1980, was taken by the bank as an extension of time for payment of the original note was clearly against a preponderance of the evidence. To the contrary, all of the evidence indicates that the second note was accepted by the bank as a substitute for the original note, that it was executed solely by Richard Abshire, and that, therefore, William Brandon was released from liability on the original note pursuant to *Young* v. *Farmers Bank & Trust Company, supra.*

The decision of the trial judge is reversed and remanded to the trial court with instructions to enter judgment in favor of appellant, William A. Brandon.

GLAZE, J., concurs.