## MERCHANTS NATIONAL BANK OF FORT SMITH
### *v.* Gus BLASS, III

83-298                                          669 S.W.2d 195

Supreme Court of Arkansas
Opinion delivered May 21, 1984

*Boswell & Smith,* by: *David E. Smith,* for appellant.

*Friday, Eldredge & Clark,* by: *George Pike, Jr.,* for appellee.

MARVIN D. THAXTON, Special Justice. This case involves a note which was executed by Kaleo, Inc., a corporation, to Appellant, Merchants National Bank of Fort Smith. Appellee Blass, a director, stockholder and President of Kaleo, Inc., signed the note for the corporation in 1978 on its face and also personally signed the note on the reverse side. The note was for $102,000.00, dated October 16, 1978, and payable in one year with interest at 10% per annum. This note contained a provision that the endorsers, sureties and guarantors consented that the time of payment could be extended or the note renewed from time to time without notice to them and without affecting their liability thereon. The reverse side of the note contained the express consent of Blass to such stipulations. The payments required by the Bank were not sufficient to pay the note by its due date.

On March 17, 1980, Blass executed a new note as President of Kaleo, Inc. to the Bank for the unpaid balance of $83,093.60 and again signed the note on the reverse side. The new note was due on March 7, 1981, with interest at 18% per annum. The new note was materially different in form from the 1978 note and did not contain the provisions of the earlier note regarding a waiver of the rights of guarantors or endorsers and only provided on the face and the reverse that endorsers waived demand, notice and protest. Shortly

thereafter, Blass resigned as an officer and stockholder of Kaleo. The new President, McNulty, later executed a personal indemnity to Blass on the note. When the note came due, McNulty, as the new President, negotiated extensions of the note and executed extension agreements increasing the interest rate to 22% and extending the time for payment to September 7, 1981. Various alterations were made on the face of the note by the Bank. Thereafter, Kaleo disposed of its tangible assets and Kaleo and McNulty filed bankruptcy petitions. Blass did not receive any notice of the extension of the time of payment of the March 17, 1980, note or otherwise. The Bank later demanded payment in December, 1981, from Blass of the past due note. Blass denied liability and the Bank filed this action.

The Circuit Court tried the case without a jury and entered judgment dismissing the Bank's complaint, from which it takes this appeal.

For reversal, Appellant's main arguments are that appellee was not an accommodation party, surety or guarantor of Kaleo, but was a co-maker and that the alterations on the face of the note were not fraudulent and Appellee was, therefore, not discharged.

We agree with the Appellant that the alterations on the face of the note in question, when taken alone, did not discharge Appellee from liability. Ark. Stat. Ann. § 85-3-407 (2)(a) (Add. 1961), expressly provides that to discharge a party to the contract an alteration must be both fraudulent and material. Here, there is no evidence of fraud. However, the Appellant's position that the waiver of notice and agreement to extension and renewal provisions of the 1978 note carry forward into the renewal note executed by Kaleo and endorsed by Blass, and the extensions thereof, is without merit because the execution of the renewal note discharged Blass from all obligations under the terms of the earlier note as the new note was a novation made at a higher interest rate, due at a different time and the old note was returned to Blass. *Brandon* v. *Worthen Bank & Trust Company, N.A.,* 6 Ark. App. 111, 639 S.W.2d 66 (1982).

We further disagree with the Appellant on the question of the status of Blass as a result of his personal signature on the reverse side of the 1980 note and would affirm the decision of the trial court.

Any liability Blass had must be founded in the March 17, 1980, note to the Bank. Blass was an endorser of the note, not a co-maker, as there was no clear indication that the note was signed in some other capacity as required by Ark. Stat. Ann. § 85-3-402 (Add. 1961). The proof is undisputed that no notice was given to Blass that the note he endorsed was not paid when due, nor was any notice given to him of any extension of the note or of any reservation of rights against him by the Bank. It further appears that after the 1980 note was due, the tangible assets of Kaleo were substantially reduced by sale and the financial condition of both Kaleo and McNulty became such that each filed a petition in bankruptcy.

The Appellant argues that even if Blass was a guarantor, and not a co-maker, he should still be held liable. For support, Appellant relies on *Gentry* v. *First American National Bank*, 264 Ark. 796, 575 S.W.2d 152 (1979). This case is distinguished from the case now before the Court, because in *Gentry* the separate guaranty agreement provided that the guarantor's liability would not be affected by renewals or extensions. That is not the case here. Arkansas has adopted the well settled principle of law "that a material alteration in the obligation assumed, made without the assent of the guarantor, discharges him." *Moore* v. *First National Bank of Hot Springs*, 3 Ark. App. 146, 150, 623 S.W.2d 530 (1982); Ark. Stat. Ann. § 85-3-606(1)(a) (Add. 1961). Here there was such a material alteration and Blass was discharged from liability upon the March 17, 1980, note by the Bank's actions set out above.

The decision of the trial court is affirmed.

DUDLEY and HAYS, JJ., not participating.

Special Justice Ralph E. Wilson joins in the opinion.