George K. ROGERS, Sr. *v.* MERCHANTS &
PLANTERS BANK of Newport, Arkansas

89-350                                                     789 S.W.2d 463

Supreme Court of Arkansas
Opinion delivered May 29, 1990

*Boyce & Boyce*, by: *Wayne Boyce*, for appellant.

*Timothy F. Watson, Sr.,* for appellee.

DAVID NEWBERN, Justice. This case presents the question whether an accommodation maker of a promissory note is discharged from liability on the note when the payee extends the time for payment four times, twice with the agreement of the accommodation maker and twice without such agreement, and each extension is for a time in excess of that prescribed for payment in the original note. We hold that the extensions which were not authorized by the accommodation maker discharged him from liability.

George K. Rogers, Sr., the appellant, signed as accommodation maker a note made by Bonita Kinder to the appellee, Merchants & Planters Bank of Newport, Arkansas. The note was

for $25,000 and was payable in 30 days at 13½% interest. It came due on February 13, 1983, and was not paid. Kinder and Rogers signed an agreement with the bank extending the date of payment until August 5, 1983. Again the note was not paid. On December 7, 1983, the bank agreed with Kinder, but without Rogers' consent, to extend the time for payment for another six months. At the end of that period the note remained unpaid. A third extension, this one also for six months, was obtained with Rogers' consent on November 8, 1984. Again the note was not paid when due, and yet a fourth extension, this one without Rogers' consent, was obtained on June 4, 1985. The note remains unpaid, Kinder has taken bankruptcy, and the bank has sued Rogers on the note.

The note provided that the guarantor waived "consent that the time of payment may be extended without notice." Ark. Code Ann. § 4-3-118(f) (1987) provides, in part, that "[u]nless otherwise specified consent to extension authorizes a single extension for not longer than the original period." Ark. Code Ann. § 4-3-606(1)(a) (1987) provides that a holder of an instrument "discharges any party. . . to the extent that without such party's consent the holder. . .agrees to suspend the right to enforce. . .the instrument."

In *McIlroy Bank & Trust* v. *Maestri*, 297 Ark. 130, 759 S.W.2d 808 (1988), we dealt with a situation very similar to this one. The note in that case contained this language: "You [the holder] may . . . renew this note . . . without affecting my obligation to pay the loan amount." We held that language permitted only one unauthorized extension for a term no greater than that in the original note. The guarantor had authorized two extensions after which the bank had permitted two further extensions not authorized by the guarantor, thus the guarantor was held to have been discharged. In holding that the language of the original note permitted only one extension not authorized by the guarantor we distinguished our decision in *Gentry* v. *First American National Bank*, 264 Ark. 796, 575 S.W.2d 152 (1979), in which the note being considered had stated the guarantor's liability was absolute and "not affected or impaired by *any* . . . renewal. . . [emphasis added]." In the *Gentry* case we held that the language of the note specifically permitted more than one extension. See also *Germer* v. *Missouri Portland Cement Co.*,

301 Ark. 277, 783 S.W.2d 359 (1990), where we held a guarantor's specific agreement to permit an "extension of credit" without affecting liability on an original obligation was enforceable. In this case, the trial judge based his decision on the *Gentry* holding which we find to be distinguishable because here there was no language in the note now before us suggesting multiple renewals in excess of the time for payment of the original obligation could be allowed without discharging the guarantor.

While this case is more like the *McIlroy Bank* decision, there is a difference. Here we have one extension authorized by the guarantor or accommodation maker in between two extensions which were not authorized by him. The question thus becomes whether the third extension, which Rogers signed, had the effect of permitting an unauthorized fourth extension for the same period as the authorized third extension. The answer is no. Each of the extension agreements, both those signed by Rogers and those he did not sign, provided specifically: "It is also further agreed and understood by the makers that all conditions and obligations of the note . . . made in connection with this original note by any of the parties hereto will remain in full force and effect." The only means by which the fourth extension could have been binding upon Rogers is § 4-3-118(f) which provides that "consent to extension authorizes a *single extension* for not longer than *the original period* [emphasis supplied]." By their specific terms, the extensions signed by Rogers had no effect on the original period. The original period was 30 days. The fourth extension was for six months.

This case was decided by the trial court on the bank's motion for summary judgment. The issue joined on appeal is whether the trial court misapplied the law. There is no contention that there were remaining genuine issues of fact remaining to be decided. We agree that the trial court erred in concluding that the *Gentry* case controlled the decision.

Reversed and dismissed.

Hays and Turner, JJ., dissenting.

Steele Hays, Justice, dissenting. I agree that under Ark. Stat. Ann. § 4-3-118(f) (1987) a bank may not unilaterally extend payment of a promissory note more than once, or for a

period longer than the original note, without releasing an accommodation maker. However, § 118(f) is prefaced by the words "unless otherwise specified" and where, as here, there are five successive extensions, each for a period of six months, the second and fourth of which are approved in writing by the accommodation maker, I believe the parties have substituted a period of time other than specified in the original note and in that circumstance a single additional extension by the bank is within the ambit of § 118(f).

The majority finds this case "very similar" to *McIlroy Bank & Trust* v. *Maestri*, 297 Ark. 130, 759 S.W.2d 808 (1988). But I believe *Maestri* has material differences which render it distinguishable: In *Maestri*, the bank made not one but two unilateral extensions and, second, they were made after Maestri objected to further extensions and called on the bank to collect from the borrower. I would affirm the order appealed from.

TURNER, J., joins in dissent.