Roberto A. TULIO and Erminda L. TULIO *v.* ARKANSAS BLUE CROSS & BLUE SHIELD, INC.

84-138                                         675 S.W.2d 369

Supreme Court of Arkansas
Opinion delivered September 24, 1984

*Huckabay, Munson, Rowlett & Tilley, P.A.,* and *Laser, Sharp and Mays, P.A.,* for appellant.

*Wright, Lindsey & Jennings,* for appellee.

GEORGE ROSE SMITH, Justice. This is an action by the appellants, husband and wife, against Arkansas Blue Cross & Blue Shield *to* recover damages partly for breach of

contract and partly for the tort of outrage. In response to a motion by Blue Cross the trial judge entered a partial summary judgment dismissing the complaint as to all tort claims, on the ground that Blue Cross is a benevolent non-profit corporation that is immune from tort liability. Blue Cross has asked us to dismiss the Tulios' appeal from the partial summary judgment because it is not a final appealable judgment. We agree and dismiss the appeal.

The original complaint was against Blue Cross as the sole defendant and sought damages for breach of contract, alleging that Blue Cross had wrongfully canceled Tulio's medical insurance policy and terminated his membership in Blue Cross. By amendment to the complaint the plaintiffs alleged that Blue Cross's cancellation of the policy had been accomplished in such an outrageous manner as to subject Blue Cross to compensatory and punitive damages in tort. On the day after the entry of the partial summary judgment the plaintiffs again amended their complaint by bringing in Blue Cross's liability insurers as additional defendants and also bringing in certain officers and employees of Blue Cross, who are alleged to be liable in tort.

Inasmuch as there are both multiple claims and multiple parties in the case, the partial summary judgment is not an appealable order because it does not satisfy the requirements of ARCP Rule 54 (b), which reads:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to

revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The purpose of the above paragraph, as explained in the Reporter's Notes, is "to prevent piecemeal appeals while portions of the litigation remain unsolved." Such a corrective provision has been badly needed in Arkansas. It is not possible to harmonize our decisions about the appeal-ability of orders when only one of several issues has been decided in the trial court. The uncertainty in our former decisions is typified by the case of *Independent Insurance Consultants* v. *First State Bank*, 253 Ark. 779, 489 S.W.2d 757 (1973), where the majority opinion, the concurrence, and the dissent stated three different points of view, with supporting citations to our own cases.

Litigation involving multiple parties and multiple issues has become more and more common now that actions in contract and in tort may be joined in a single complaint, now that strict liability is recognized, and now that non-resident defendants may be brought in under the long-arm statutes. Partial summary judgments, as in this case, are also becoming more and more common as the trial courts and counsel seek to confine the actual trial of complex litigation to the really important, controverted issues. In the situation that has developed, Rule 54 (b) should eliminate doubts about what is or is not a final appealable order, so that, as the Reporter's Notes state, "a party will always know whether a judgment in a Rule 54 (b) situation is ripe for appeal."

The Rule, which applies only when there are multiple claims or multiple parties, requires two things: First, the trial court must direct the entry of a *final* judgment as to one or more but fewer than all of the claims or parties. Whether the judgment is in fact final is apparently to be determined under Ark. R. App. P. 2. Second, the trial court must make an express determination that there is no just reason for delay, which has been construed to mean that there must be some danger of hardship or injustice which would be alleviated by an immediate appeal. *Campbell* v. *West-moreland Farm*, 403 F.2d 939 (2d Cir. 1968). Should there be

an uncertainty about the trial court's intent, clarification may be sought during the 30 days allowed for the notice of appeal. Fundamentally, however, the policy of the rules is still to avoid piecemeal appeals, so that the discretionary power vested in the trial court is to be exercised infrequently, in harsh cases. Wright, Miller & Kane, Federal Practice and Procedure, Civil 2d § 2653. Here the discretionary power was not exercised, for the judgment that we are asked to review does not satisfy either of the two requirements essential to its appealability.

Dismissed.