John H. SHERMAN *v.* G&H TRANSPORTATION, INC.

85-85                                                695 S.W.2d 832

Supreme Court of Arkansas
Opinion delivered September 23, 1985

*Killough & Ford*, by: *Robert M. Ford*, for appellant.

*Fletcher Long, Jr., P.A.*, for appellee.

ROBERT H. DUDLEY, Justice. Plaintiff, John H. Sherman, sued four defendants, John Sherman, III, C.V. Raines, Diane Raines, and G&H Transportation, Inc. The trial court granted G&H Transportation, Inc.'s Motion for Summary Judgment on the plaintiff's complaint, and plaintiff appeals from that decision. The trial court made no finding as to whether hardship or injustice would occur if an immediate appeal were not allowed. Further, plaintiff's case against the remaining three defendants is not shown to be final. We, therefore, dismiss the appeal.

■ The order of summary judgment in the instant case is not appealable because it does not satisfy the requirements of Rule 54(b) of the Arkansas Rules of Civil Procedure. Rule 54(b) provides:

> *Judgment Upon Multiple Claims or Involving Multiple Parties.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer that all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The rule is applicable in cases involving multiple claims or multiple parties, and it requires two things: First, the trial court must direct the entry of a final judgment as to one or more but fewer than all of the claims or parties. Second, the trial court must make an express determination that there is no just reason for delay, that is, there is danger of hardship or injustice which an immediate appeal would alleviate. *Tulio* v. *Arkansas Blue Cross & Blue Shield, Inc.*, 283 Ark. 278, 675 S.W.2d 369 (1984). The second requirement was not met in this case.

■ As noted in *Tulio, id.*, the fundamental policy of the rule is still to avoid piecemeal appeals, so that the discretionary power vested in the trial court is to be exercised infrequently, in harsh cases. Here the discretionary power was not exercised, and the order of summary judgment is not yet an appealable order.

Appeal dismissed.

PURTLE, J., not participating.