### 3-W LUMBER COMPANY *v.* HOUSING AUTHORITY FOR THE CITY OF BATESVILLE, et al.

85-89                                      696 S.W.2d 725

Supreme Court of Arkansas
Opinion delivered September 30, 1985

*Hardin & Grace*, for appellant.

*Robert D. Stroud*, for appellee.

STEELE HAYS, Justice. 3-W Lumber Company, Inc., brought suit against the Housing Authority of the City of Batesville seeking a judgment of $23,047.72 for improvements constructed on property belonging to the Housing Authority. The United States of America, acting through the Farmers Home Administration, was made a party defendant because it held a first mortgage on the property. The complaint prayed for judgment, interest, and for a materialmen's lien upon the property of the Housing Authority.

The Housing Authority filed a counterclaim for $22,032.00 for failure to perform the contract in time and for $15,000 for

negligent repair. The United States filed a Motion to Dismiss under ARCP Rule 12(b)(6), urging that the Arkansas mechanics lien statute does not apply to improvements of a public nature.

The Circuit Court entered an order dismissing the complaint against the United States and dismissing that portion of the complaint seeking a lien, leaving the remaining claims intact. 3-W Lumber Company has appealed from the order.

■ We dismiss the appeal because the order appealed from is not a final order, a jurisdictional requirement which we are obliged to raise even when the parties do not. *Arkansas Savings and Loan Association* v. *Corning Savings and Loan Association*, 252 Ark. 264, 478 S.W.2d 431 (1972), *McConnell* v. *Sadle*, 248 Ark. 1182, 455 S.W.2d 880 (1970).

■ ARCP Rule 54(b) provides that when more than one claim is presented, or where multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims and parties *only* upon an express determination that there is no just reason for delay and upon the express direction for the entry of the judgment.

■■ Here, the order appealed from disposed neither of all the parties, nor all the claims. The claim of 3-W for a judgment and the counterclaim of the Housing Authority were not dismissed and, therefore, Rule 54(b) specifically applies. Inasmuch as the order did not comply with the rule, no final judgment has been entered and no appeal may be taken at this stage of the proceedings. *Sherman* v. *G&H Transportation, Inc.,* 287 Ark. 25, 695 S.W.2d 832 (1985); *Tulio* v. *Arkansas Blue Cross and Blue Shield, Inc.,* 283 Ark. 278, 675 S.W.2d 369 (1984). In *Tulio*, we discussed the reason for Rule 54(b):

> The Rule, which applies only when there are multiple claims or multiple parties, requires two things: First, the trial court must direct the entry of a final judgment as to one or more but fewer than all of the claims or parties. Whether the judgment is in fact final is apparently to be determined under Ark.R.App. P.2. Second, the trial court must make an express determination that there is no just reason for delay, which has been construed to mean that

there must be some danger of hardship or injustice which would be alleviated by an immediate appeal. *Campbell* v. *Westmoreland Farm*, 403 F.2d 939 (2nd Cir. 1968). Should there be an uncertainty about the trial court's intent, clarification may be sought during the 30 days allowed for the notice of appeal. Fundamentally, however, the policy of the rules is still to avoid piecemeal appeals, so that the discretionary power vested in the trial court is to be exercised infrequently, in harsh cases. Wright, Miller & Kane, Federal Practice and Procedure, Civil 2d § 2653. Here the discretionary power was not exercised, for the judgment that we are asked to review does not satisfy either of the two requirements essential to its appealability.

Appeal dismissed.

PURTLE, J., not participating.