ARKHOLA SAND & GRAVEL COMPANY, A Division of Apac-Arkansas *v.* Rick HUTCHINSON; Rusty GOODMAN; Martin E. LANCASTER; and Sandra LANCASTER

86-78                                             711 S.W.2d 474

Supreme Court of Arkansas
Opinion delivered June 23, 1986

*Daily, West, Core, Coffman & Canfield*, for appellant.

*Ball, Mourton & Adams*, by: *Stephen E. Adams*, for appellees.

STEEL HAYS, Justice. Arkhola Sand & Gravel Company filed suit to impress a materialman's lien upon real property owned by defendants Martin and Sandra Lancaster for building supplies furnished to defendants Rick Hutchinson and Rusty Goodman, who constructed improvements on the Lancasters' property.

The Lancasters moved to dismiss the suit as to them because the legal description of their property was imprecise. Although Arkhola later amended to provide a sufficient description, that was after the time for perfecting liens under the statute had expired. The complaint was dismissed as to the Lancasters, though not as to Hutchinson and Goodman, and Arkhola has appealed.

The Lancasters have not challenged the appealability of the order of dismissal, but as that is a jurisdictional requirement we raise it ourselves even when the parties do not. *Arkansas Savings and Loan Association* v. *Corning Savings and Loan Association*, 252 Ark. 264, 478 S.W.2d 431 (1972), *McConnell* v. *Sadle*, 248 Ark. 1182, 455 S.W.2d 880 (1970).

A number of recent cases have pointed out that when multiple claims or multiple parties are involved in a case the trial court may direct the entry of a final judgment as to one or more (but less than all) of the parties or claims *only* upon an express determination that there is no just reason for delay and upon the express direction for the entry of the judgment. ARCP Rule 54(b). *Sherman* v. *G & H Transportation, Inc.*, 287 Ark. 25, 695 S.W.2d 832 (1985); *3-W Lumber Co.* v. *Housing Authority for the City of Batesville*, 287 Ark. 70, 696 S.W.2d 725 (1985); *Tulio* v. *Arkansas Blue Cross and Blue Shield, Inc.*, 283 Ark. 278, 675 S.W.2d 369 (1984); *Heffner* v. *Harrod*, 278 Ark. 188, 644 S.W.2d 579 (1983). The reason for the rule was fully explained in those opinions and need not be repeated here.

The requirements of Rule 54(b) were not observed in this

case and the order of dismissal as to the Lancasters is not an appealable order. Rule 2, Arkansas Rules of Appellate Procedure.

Accordingly, the appeal is dismissed.