Larry HOWARD & C.R. HOLDER *v.* WOOD
MANUFACTURING CO. & CARLSON & MAROTTI
DISTRIBUTING CO.

86-120                                    722 S.W.2d 265

Supreme Court of Arkansas
Opinion delivered January 12, 1987

*Martin Law Firm, P.A.*, by: *Thomas A. Martin*, for appellants.

*Friday, Eldredge & Clark*, by: *Donald H. Bacon*, for appellee Wood Manufacturing Co.

*Roy & Lambert*, for appellee Carlson & Marotti Distributing Co.

JACK HOLT, JR., Chief Justice. The appellants, Larry Howard and C.H. Holder, were disqualified from a bass fishing tournament for allegedly turning in dead, previously frozen fish. Howard and Holder filed suit against the tournament coordinator, James Tanner, and against appellees, Wood Manufacturing Co., and Carlson & Marotti Distributing Co., two of the companies that furnished prizes for the competition. Howard and Holder sought damages for wrongful disqualification and for injuries allegedly suffered because of the defamatory remarks of Tanner. The trial court granted summary judgments dismissing Wood and Carlson & Marotti. It is from that decision that this appeal is brought. Howard's and Holder's lawsuit against Tanner is not shown to be final and the trial court made no finding as to whether hardship or injustice would occur if an immediate appeal were not allowed. We, therefore, dismiss the appeal.

Although none of the parties raised the issue of the appealability of the order granting summary judgment, we have held that it is a jurisdictional requirement which we raise ourselves even when the parties do not. *Arkhola Sand & Gravel Co.* v. *Hutchinson*, 289 Ark. 313, 711 S.W.2d 474 (1986).

Arkansas R. Civ. P. 54(b) provides:

> When more than one claim for relief is presented in an action, . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of

judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Although the summary judgments were granted as to Wood and Carlson & Marotti, Tanner has not been dismissed from this lawsuit and apparently the matter is still pending as to him. The judge did not make an express determination that there is no just reason for delay.

In *Sherman* v. *G & H Transp., Inc.*, 287 Ark. 25, 695 S.W.2d 832 (1985), that plaintiff sued four defendants and the trial court granted summary judgment as to one of them. The trial court made no finding as to whether hardship or injustice would occur if an immediate appeal were not allowed. We found that plaintiff's case against the remaining three defendants was not shown to be final and dismissed the appeal based on Rule 54(b). In so dismissing the appeal, we held:

> The rule is applicable in cases involving multiple claims or multiple parties, and it requires two things: First, the trial court must direct the entry of a final judgment as to one or more but fewer than all of the claims or parties. Second, the trial court must make an express determination that there is no just reason for delay, that is, there is danger of hardship or injustice which an immediate appeal would alleviate. *Tulio* v. *Arkansas Blue Cross & Blue Shield, Inc.*, 283 Ark. 278, 675 S.W.2d 369 (1984). The second requirement was not met in this case.

> As noted in *Tulio, id.*, the fundamental policy of the rule is still to avoid piecemeal appeals, so that the discretionary power vested in the trial court is to be exercised infrequently, in harsh cases. Here the discretionary power was not exercised, and the order of summary judgment is not yet an appealable order.

*Accord: Vermeer Mfg. Co.* v. *Vandiver, a/k/a Vandiver*

*Equipment Co. & Ford Motor Co.*, 279 Ark. 218, 650 S.W.2d 244 (1983); *Clark* v. *Fitzgerald*, 270 Ark. 240, 605 S.W.2d 1 (1980); *Arkhola Sand & Gravel Co.* v. *Hutchinson, supra*; and *3-W Lumber Co.* v. *Housing Authority for the City of Batesville, et al.*, 287 Ark. 70, 696 S.W.2d 725 (1985).

The trial court's express determination that there is no just reason for delay and its express direction to enter judgment, are essential prerequisites to finality, and without them, the appellate court has no jurisdiction to consider the appeal. *Clark* v. *Fitzgerald*, supra.

Appeal dismissed without prejudice. *City of Marianna* v. *Arkansas Municipal League*, 289 Ark. 474-A, 718 S.W.2d 946 (1986).