CITY OF MARIANNA, Martin CHAFFIN, Don
CAHOON, Ed BROWN, Robert "Bub" DAVIS, Donnie
EDWARDS, and Wilson KELL *v.* ARKANSAS
MUNICIPAL LEAGUE, Administrator, MUNICIPAL
LEAGUE DEFENSE PROGRAM

86-131 722 S.W.2d 578

Supreme Court of Arkansas
Opinion delivered January 26, 1987

*Daggett, Van Dover, Donovan & Cahoon*, by: *Robert J. Donovan*, for appellants.

*Winston Bryant* and *William G. Fleming*, for appellee.

JACK HOLT, JR., Chief Justice. At issue in this appeal is whether the Arkansas Municipal League, as administrator of the Municipal League Defense Program, was wrong when it refused to defend a lawsuit brought by third parties against the appellants, the mayor and aldermen of the City of Marianna. The trial court held the refusal to defend was justified and we affirm.

The Municipal League Defense Program was developed by the Arkansas Municipal League to provide funds to member cities for the defense of certain types of lawsuits filed against municipal officials and employees. The mayor and aldermen were sued in 1983 in federal district court by third parties who alleged that they violated the Voting Rights Act. The Arkansas Municipal League declined to defend the mayor and aldermen in the lawsuit. The City of Marianna was also covered by an insurance policy provided by Home Indemnity Company. The mayor and aldermen filed this lawsuit against the Arkansas Municipal League and Home Indemnity Co., seeking an order requiring the insurance company and the defense program to pay their costs associated with defending the lawsuit; to pay for any liability incurred as a result of the lawsuit; and seeking a declaratory judgment determining which of the defendant's coverage is primary and which is secondary. Each of the parties filed a motion for summary judgment. The trial court granted the Municipal League's motion for summary judgment and dismissed them from this lawsuit. It is from that order that this appeal is brought.

This is the second time the mayor and aldermen have attempted to appeal the trial court's order of summary judgment. We dismissed their first appeal without prejudice because of the failure of the trial judge to comply with Ark. R. Civ. P. 54(b) which provides that when judgment is directed against one but

not all of the parties involved, the order must specify that it is final and that there is a danger of injustice that will be alleviated by an immediate appeal. *City of Marianna, et al.* v. *Arkansas Municipal League*, 289 Ark. 473, 712 S.W.2d 305 (1986).

Subsequently, the mayor and aldermen obtained an order from the trial judge to that effect and filed a supplemental transcript containing that order with this court. The mayor and aldermen failed, however, to abstract that order as required by Sup. Ct. R. 9. Since the Municipal League did not raise the issue of failure to comply with Rule 9 and since this is a second appeal, we will dispose of the case on its merits. Nevertheless, all relevant orders entered by the trial judge are to be abstracted.

The pertinent terms and conditions of the defense program, as amended in 1983, provide as follows:

> During the term of this Program and to the extent of funds available, the Program shall, in the sole discretion of the Program administrators, provide extraordinary legal defense and extraordinary expenses in "suits against municipal officials and employees" of a participating municipality and pay extraordinary judgments (for actual damages not punitive damages) imposed on "municipal officials" or the estate of such "municipal officials."
>
> . . . .
>
> The words suits against municipal officials and employees shall not include the following:
>
> . . . .
>
> (iii) any claim which is insured by a valid insurance policy;

The program was amended again in 1985 to expand coverage to include suits against municipal governments (member cities). This coverage, however, did not apply at the time the federal court lawsuit was brought.

The trial judge stated in his findings of fact that the Municipal League refused to defend the mayor and aldermen because the federal court lawsuit was a suit against the city officials in their official capacity and thus, a lawsuit against the City of Marianna; and because there was other valid insurance in

force. In his conclusions of law, the judge held that such refusal was justified. We agree.

The mayor and aldermen first contend on appeal that the federal court case is not a lawsuit against the City of Marianna. In support, the mayor and aldermen cite insurance law to the effect that the duty of an insurer to defend arises where there is a possibility that the injury or damage may fall within the policy coverage. *Commercial Union Ins. Co. of America* v. *Henshall*, 262 Ark. 117, 553 S.W.2d 274 (1977). Insurance law is inapplicable to the facts presented by this appeal because the defense program is not an insurance policy. According to the affidavit of Don Zimmerman, Executive Director of the Municipal League, the cities have the option of joining the program, it is not required; the program is not operated for profit and is not actuarially sound; and membership in the program is not open to the public. Contained in the transcript is a letter from the Arkansas Insurance Department stating: "this Department is of the opinion that the [defense] program does not constitute 'insurance', and thus does not trigger any regulatory action by the Department. Primarily our opinion is based upon the fact that there is no legally binding promise to pay in any and all cases."

Furthermore, in *West & Co. of La.* v. *Sykes, Ins. Comm'r*, 257 Ark. 245, 515 S.W.2d 635 (1974), this court cited *California-Western States Life Ins. Co.* v. *State Board of Equalization, et al.*, 151 Cal. App. 2d 559, 312 P.2d 19 (1957) involving a retirement fund which was optional to the employees, was not offered to persons other than employees, and was not actuarially sound. The California court held that plan did not constitute an insurance contract and stated:

> Regardless of the noted similarities in so many of the provisions contained in the plan to those found in annuity policies regularly sold by insurers, the great dissimilarity which inheres in the total absence of profit motive — never ignored by successful insurers — compels a conclusion that the establishment and maintenance of respondent's employees' retirement plan cannot be classified as insurance business done by it in this state.

Under this criterion, as followed in *West & Co. of La.*, the defense program is not an insurance contract.

 As to the trial court's holding that the City of Marianna was actually being sued and not the mayor and aldermen, the United States Supreme Court has stated that when individual defendants are sued solely in their official capacities, an award of damages would have to be paid by the city employing them. *Monell* v. *New York City Dept. of Social Services*, 436 U.S. 658 (1978). Other courts have held that official capacity suits generally represent but another way of pleading an action against the entity of which the officer is an agent. *Hughes* v. *Blankenship*, 672 F. 2d 403 (4th Cir. 1982); *Calkins* v. *Blum*, 675 F.2d 44, n. 2 (2nd Cir. 1982); *see also Wolf-Lillie* v. *Sonquist*, 699 F.2d 864 (7th Cir. 1983).

 Under this theory, which we find persuasive, the suit against the mayor and aldermen was actually a suit against the City of Marianna and under the 1983 version of the defense program, coverage was not provided.

The mayor and aldermen also contend that because coverage was provided to them by the defense program and by Home Indemnity Co., the responsibility should be prorated between the two.

 The Home Indemnity policy states: "This insurance shall be excess over any other valid and collectable insurance available to the insured, and shall not contribute with any such other insurance." The defense program on the other hand provides that suits against municipal officials and employees shall not be covered if they include "any claim which is insured by a valid insurance policy." The short answer to the mayor's and aldermen's contention is that, as discussed under the previous point, the defense program was not an insurance policy and so the "other insurance" provision of the Home Indemnity Co. policy does not apply. Since the terms of the defense program unequivocally provide that lawsuits are not defended when a claim is covered by other valid insurance, and the trial judge specifically found in his findings of fact that other valid insurance was in force, we cannot say that finding was clearly erroneous. Ark. R. Civ. P. Rule 52(a).

The mayor and aldermen raise two other issues in this appeal, neither of which we need discuss as they concern provisions of the defense program not mentioned or relied upon by

the trial judge in his order.

Affirmed.