Dwight MURRY and Johnny MURRY *v.* STATE FARM
MUTUAL AUTOMOBILE INSURANCE COMPANY

87-30                                    725 S.W.2d 571

Supreme Court of Arkansas
Opinion delivered March 9, 1987

*Cross, Kearney & McKissic*, by: *Jesse L. Kearney*, for
appellants.

*Boswell, Tucker & Smith*, by: *David E. Smith*, for appellee.

PER CURIAM. The appellants brought several claims against
the appellee resulting from a dispute over insurance coverage
relating to an automobile accident. The trial court dismissed all of

the claims of one of the appellants and some, but not all, claims of the other appellant. The appellants filed a notice of appeal without obtaining from the trial court the direction for entry of judgment provided in Ark. R. Civ. P. 54(b).

After the record was docketed with the clerk of this court, the appellants obtained an order of the trial court finding that there was no need for delay and directing the entry of final judgment pursuant to Rule 54(b). The order was entered on October 7, 1986, *nunc pro tunc* for April 22, 1986.

■ A *nunc pro tunc* order may be entered to make the court's record speak the truth or to show that which actually occurred. *Southern Farm Bureau Casualty Insurance Company v. Robinson*, 238 Ark. 159, 379 S.W.2d 8 (1964). However, it may not be used to accomplish something which ought to have been done but was not done. *Fitzjarrald v. Fitzjarrald*, 233 Ark. 328, 344 S.W.2d 584 (1961); *Dickey v. Clark*, 192 Ark. 67, 90 S.W.2d 236 (1936). The *nunc pro tunc* device was thus not effective to enter an order in a case in which the trial court had lost jurisdiction. *Andrews v. Lauener*, 229 Ark. 894, 318 S.W.2d 805 (1958). It was a nullity.

■ This opinion gives us an opportunity to express our concern over the treatment Rule 54(b) is receiving in our trial courts. We have had numerous occasions of late to hold that appeals must be dismissed for failure to comply with the rule. *See, e.g., Arkhola Sand & Gravel Company v. Hutchinson*, 289 Ark. 313, 711 S.W.2d 474 (1986), and the four other recent cases cited in that opinion. The litigants wishing to appeal in those cases obviously overlooked the requirements of the rule when preparing to appeal. We may have suggested that the trial judges should take lightly a request for the direction of finality by, in some cases, dismissing appeals of cases where there had been no compliance with the rule without prejudice to the appellant, *Howard v. Wood Manufacturing Co.*, 291 Ark. 1, 722 S.W.2d 265 (1987), thus permitting the appellant to return to the trial court upon remand for an order in compliance with the rule. *See City of Marianna v. Arkansas Municipal League*, 291 Ark. 74, 722 S.W.2d 578 (1987). It was not our intention to make any such suggestion. As we said in *Tulio v. Arkansas Blue Cross and Blue Shield, Inc.*, 283 Ark. 278, 675 S.W.2d 369 (1984), and reemphasized in *3-W*

*Lumber Co.* v. *Housing Authority for the City of Batesville*, 287 Ark. 70, 696 S.W.2d 725 (1985), before entering the direction of finality, the trial court must find some danger of hardship or injustice which would be alleviated by an immediate appeal. We stressed that we adhere to a policy against piecemeal appeals and said the discretionary power of the trial court is to be exercised infrequently and only in "harsh cases."

Our Rule 54(b) was taken from the federal rule which is discussed in C. Wright, A. Miller, and M. Kane, *Federal Practice and Procedure* § 2659 (1983), in part, as follows:

> Because of the strong federal policy against piecemeal review several courts have stated that the district court should make the express determination only in the infrequent case in which a failure to do so might have a harsh effect. As Judge Hastie said in *Panichella* v. *Pennsylvania Railroad Company*, [252 F.2d 452 (3rd Cir. 1958)] the determination involves "weighing the overall policy against piecemeal appeals against whatever exigencies the case at hand may present. . . . It follows that 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel." It is clear from this statement that some showing must be made by the party desiring an immediate appeal in order to overcome the normal rule that no appeal be heard until the entire case has been completed. [pp. 99-100, footnotes omitted]

■ Although there can be no precise standard for determining when the trial court should issue the direction that the judgment be considered final as to one of several claims or claimants when others are left for trial, we concur that such an order should issue only in exigent cases.

HAYS, J., would deny.