Joe and Sherry TACKETT *v.* Jimmy ROBBS and GULF OIL CO.

87-47                                                735 S.W.2d 700

Supreme Court of Arkansas
Opinion delivered September 14, 1987

*Hurst Law Office*, by: *Larry Honeycutt*, for appellants.

*Wright, Chaney & Berry, P.A.*, and *Laser, Sharp & Mayes, P.A.*, for appellees.

JACK HOLT, JR., Chief Justice. Joe and Sherry Tackett, the appellants, filed a complaint for the negligent installation and maintenance of gasoline tanks and equipment at their service station, which caused gasoline leakage and related damages. Three defendants were involved in this lawsuit: Robbs Oil Company, Jimmy Robbs and Gulf Oil Co. After consideration of various motions, the trial court dismissed the Tacketts' complaint against Robbs Oil Company, Inc. and appellee, Jimmy Robbs, leaving the lawsuit standing against Gulf Oil Company. The Tacketts appealed from the order of dismissal.

We dismiss this appeal because the order appealed from is not an appealable order meeting the requirements of A.R.C.P. Rule 54(b). *United Parcel Service, Inc.* v. *Pridgen Security, Inc.*, 292 Ark. 11, 727 S.W.2d 381 (1987); *Kilcrease* v. *Butler*, 291 Ark. 275, 724 S.W.2d 169 (1987). A.R.C.P. Rule 54(b) provides in pertinent part:

> when multiple parties are involved, or where more than one claim is presented, the trial court may direct the entry of a final judgment as to one or more but fewer than all of the parties and claims only upon an express determination that there is no just reason for delay and upon the express direction for the entry of the judgment.

The order of dismissal does not make a determination that there is no just cause for delay. Compliance with Rule 54(b), is a jurisdictional requirement which we are obligated to raise even though the parties do not. *Arkansas Savings and Loan Association Board* v. *Corning Savings and Loan Association*, 252 Ark. 264, 478 S.W.2d 431 (1972). We have issued numerous reminders that the rules of civil procedure do not permit an appeal in cases where defendants are dismissed and other defendants remain unless there is compliance with A.R.C.P. Rule 54(b).

*Kilcrease* v. *Butler, supra*; *Arkhola Sand & Gravel Co.* v. *Hutchinson*, 289 Ark. 313, 711 S.W.2d 474 (1986); *3-W Lumber Co.* v. *Housing Authority for the City of Batesville*, 287 Ark. 70, 696 S.W.2d 725 (1985); *Sherman* v. *G & H Transportation, Inc.*, 287 Ark. 25, 695 S.W.2d 832 (1985); *Tulio* v. *Arkansas Blue Cross and Blue Shield, Inc.*, 283 Ark. 278, 675 S.W.2d 369 (1984); *Vermeer Manufacturing Co.* v. *Vandiver Equipment Co. and Ford Motor Co.*, 279 Ark. 218, 650 S.W.2d 244 (1983). We do so again.

Appeal dismissed without prejudice to an appeal from a final judgment.

GLAZE, J., not participating.