Janice M. PITTS, in her own behalf and as Next Friend of Dana ROSEBY and Adrian ROSEBY *v.* William SIPES and Pulaski County Special School District

87-144                                                737 S.W.2d 647

Supreme Court of Arkansas
Opinion delivered October 19, 1987

*The Cortinez Law Firm*, by: *Robert R. Cortinez*, for appellant.

*Walter A. Murray*, for appellees.

ROBERT H. DUDLEY, Justice. The appellant was driving a school bus for the Pulaski County Special School District when the bus was struck from the rear by a stolen truck. The truck was

driven by an unknown person who fled from the scene and has never been caught. Appellant filed suit for herself and on behalf of her two children, who were passengers in the bus, against the owner of the truck, William Sipes. He answered that the truck had been stolen. The appellant then amended her complaint to include her employer, the appellee school district, as a defendant because it is a self-insurer for uninsured motorist coverage. In the amended complaint the appellant asserted uninsured motorist claims against the appellee.

The appellee moved to dismiss the appellant's amended complaint against it for lack of subject matter jurisdiction. The appellee contended that the appellant was receiving worker's compensation benefits which constituted her exclusive remedy against the appellee. The trial court granted the motion for partial summary judgment and dismissed appellant's amended complaint against the appellee school district with prejudice. Next, one of appellant's children, Adrian Roseby, dismissed her complaint without prejudice.

Appellant seeks to appeal the granting of the partial summary judgment on one of the two counts against one of the multiple parties. The partial summary judgment is not an appealable order. ARCP Rule 54(b). The rule provides that when more than one claim for relief is made in an action, or when multiple parties are involved, and, when the trial court directs the entry of a final judgment as to one or more, but fewer than all of the claims or parties, then before there may be an appeal, the trial court must make an express determination that there is a danger of hardship or injustice which an immediate appeal would alleviate. That requirement has not been met.

The fundamental policy of the rule is to avoid piecemeal appeals, so the discretionary power vested in the trial court to grant an immediate appeal is to be exercised infrequently, and only in harsh cases. *Tulio* v. *Arkansas Blue Cross & Blue Shield, Inc.*, 283 Ark. 278, 675 S.W.2d 369 (1984).

Appeal dismissed.