CENTRAL PRODUCTION CREDIT ASSOCIATION *v.*
Don PEARSON, et al.

CA 88-215                                        764 S.W.2d 468

Court of Appeals of Arkansas
Division II
Opinion delivered February 8, 1989
[Supplemental Opinion on Denial of Rehearing
April 12, 1989.]

*Reid, Burge, Prevallet & Coleman*, for appellant.

*Hale, Fogleman & Rogers*, for appellee.

DONALD L. CORBIN, Chief Judge. This appeal involves a dispute over money owed by C. S. Standefer, his wife, Geraldine Standefer, and their corporation, C. S. Standefer, Jr. Farms, Inc. (hereinafter referred to as Standefer Farms), to appellant, Central Production Credit Association (hereinafter referred to as CPCA), and to appellees. For the reasons hereinafter discussed, we find the court's judgment in this appeal is not a final appealable order pursuant to Ark. R. Civ. P. 54(b).

C. S. Standefer and Geraldine Standefer are president and secretary, and sole shareholders, of Standefer Farms, which was formed in 1975. Over the years, the Standefers and Standefer Farms obtained financing through appellant, CPCA, and its predecessor, Planters Production Credit Association. Between 1981 and 1986, the Standefers, individually and as officers of Standefer Farms executed three separate promissory notes to CPCA, which were secured by security agreements covering, among other things, equipment, crops, proceeds, contract rights, and certain government payments obtained through participation in government farm programs. In 1986, two separate lease agreements were executed regarding land owned by appellees. Appellant, CPCA, contended those leases were executed by C. S. Standefer, individually, and appellees contended the lease agreements were executed by Standefer Farms, the corporation.

In March 1987, a voluntary chapter 7 bankruptcy proceeding was filed by the Standefers, individually, which included the debts asserted by appellant, CPCA, and appellees. Appellees obtained an order from the bankruptcy court, granting them relief from the automatic stay, and filed their complaint in chancery court seeking a money judgment against Standefer Farms, establishment of their alleged landlord's liens against certain proceeds held by the bankruptcy trustee, and foreclosure of such liens. Appellant answered, admitting the execution of the leases by Mr. Standefer, individually, but denied the liability of Standefer Farms. Appellees then obtained a consent judgment, without notice to CPCA, in the approximate amount of $58,000.00. After learning of the consent judgment, CPCA moved for and was granted an order setting aside the consent judgment. Thereafter, CPCA filed its amended answer, counterclaim, and cross-claim, seeking a money judgment for the balance due under the promissory notes executed by Standefer Farms and the Standefers, foreclosure of its security liens, and determination of the priority of the parties' respective liens. Standefer Farms filed a separate answer, admitting the amounts of debt owed to CPCA and appellees and requested a determination regarding the lien priorities.

At a hearing held March 7, 1988, the trial court heard the parties' evidence and, over appellant's objection, granted appellees a final money judgment against Standefer Farms in the

approximate amount of $50,000.00. The trail court postponed making a judgment on appellees' entitlement to a landlord's lien and denied CPCA's request for a money judgment, stating that its request was not ripe for adjudication. The court further refused to stay the enforcement of appellees' judgment and reserved its determination of the parties' lien rights and priorities.

Appellant, CPCA, contends on appeal that (1) the trial court erred in failing to dismiss appellees' complaint under Ark. R. Civ. P. 50(a); (2) the trial court's judgment in favor of appellees is not supported by substantial evidence; (3) the trial court erred in granting appellees a final judgment; and (4) the trial court erred in failing to stay the enforcement of appellees' judgment. We find the trial court's order is not a final appealable order as provided by Ark. R. Civ. P. 54(b) and decline to address the points raised by appellant.

Rule 54(b) of the Arkansas Rules of Civil Procedure provides:

> (b) *Judgment Upon Multiple Claims or Involving Multiple Parties.* When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

This court stated in *Tulio* v. *Arkansas Blue Cross & Blue Shield, Inc.,* 283 Ark. 278, 280-81, 675 S.W.2d 369, 371 (1984):

> The Rule, which applies only when there are multiple claims or multiple parties, requires two things: First, the trial court must direct the entry of a *final* judgment as to

one or more but fewer than all of the claims or parties. Whether the judgment is in fact final is apparently to be determined under Ark. R. App. P. 2. Second, the trial court must make an express determination that there is no just reason for delay, which has been construed to mean that there must be some danger of hardship or injustice which would be alleviated by an immediate appeal. *Campbell* v. *Westmoreland Farm*, 403 F.2d 939 (2d Cir. 1968). Should there be an uncertainty about the trial court's intent, clarification may be sought during the 30 days allowed for the notice of appeal. Fundamentally, however, the policy of the rules is still to avoid piecemeal appeals, so that the discretionary power vested in the trial court is to be exercised infrequently, in harsh cases. Wright, Miller & Kane, Federal Practice and Procedure, Civil 2d Section 2653.

Here, the court found that appellees were entitled to money judgments of $44,054.10 and $6,600.00 on their two respective lease agreements with Standefer Farms; however, the court went on to order:

The Court hereby reserves judgment on all other issues set forth in the pleadings filed herein including, but not limited to, the lien claims and priority of liens.

It is also found that there is no just reason for the delay of an entry of both of these Judgments contained herein and it is expressly directed that entry of these Judgments as final judgments be made and the Plaintiffs are not stayed from enforcing the Judgments for the reasons set forth in the Court's letter opinion dated March 8, 1988, which is attached hereto and incorporated herein.

In *Murry* v. *State Farm Mutual Automobile Insurance Co.*, 291 Ark. 445, 725 S.W.2d 571 (1987), the Arkansas Supreme Court stated:

This opinion gives us an opportunity to express our concern over the treatment Rule 54(b) is receiving in our trial courts. We have had numerous occasions of late to hold that appeals must be dismissed for failure to comply with the rule. *See, e.g., Arkhola Sand & Gravel Company* v. *Hutchinson*, 289 Ark 313, 711 S.W.2d 474 (1986), and

the four other recent cases cited in that opinion. The litigants wishing to appeal in those cases obviously overlooked the requirements of the rule when preparing to appeal. We may have suggested that the trial judges should take lightly a request for the direction of finality by, in some cases, dismissing appeals of cases where there had been no compliance with the rule without prejudice to the appellant, *Howard* v. *Wood Manufacturing Co.*, 291 Ark. 1, 722 S.W.2d 265 (1987), thus permitting the appellant to return to the trial court upon remand for an order in compliance with the rule. *See City of Marianna* v. *Arkansas Municipal League*, 291 Ark. 74, 722 S.W.2d 578 (1987). It was not our intention to make any such suggestion. As we said in *Tulio* v. *Arkansas Blue Cross and Blue Shield, Inc.*, 283 Ark. 278, 675 S.W.2d 369 (1984), and reemphasized in *3-W Lumber Co.* v. *Housing Authority for the City of Batesville*, 287 Ark. 70, 696 S.W.2d 725 (1985), before entering the direction of finality, the trial court must find some danger of hardship or injustice which would be alleviated by an immediate appeal. We stressed that we adhere to a policy against piecemeal appeals and said the discretionary power of the trial court is to be exercised infrequently and only in "harsh cases."

Our Rule 54(b) was taken from the federal rule which is discussed in C. Wright, A. Miller, and M. Kane, *Federal Practice and Procedure* Section 2659 (1983), in part, as follows:

> Because of the strong federal policy against piecemeal review several courts have stated that the district court should make the express determination only in the infrequent case in which a failure to do so might have a harsh effect. As Judge Hastie said in *Panichella* v. *Pennsylvania Railroad Company*, [252 F.2d 452 (3rd Cir. 1958)] the determination involves "weighing the overall policy against piecemeal appeals against whatever exigencies the case at hand may present. . . . It follows that 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel." It is clear from this statement that some

showing must be made by the party desiring an immediate appeal in order to overcome the normal rule that no appeal be heard until the entire case has been completed. [pp. 99-100, footnotes omitted]

Although there can be no precise standard for determining when the trial court should issue the direction that the judgment be considered final as to one of several claims or claimants when others are left for trial, we concur that such an order should issue only in exigent cases.

291 Ark. at 446-47, 725 S.W.2d at 572.

■■ Here, the trial court found there was no just reason for the delay of the entry of the judgments for appellees and expressly made the judgments final. The trial court did not make a finding of some danger or hardship which would be alleviated by an immediate appeal. The trial court reserved judgment on the issues of the priorities of the parties' liens and whether to grant appellees a landlord's lien in the proceeds. Thus, the granting of a money judgment to appellees is not an appealable order because judgment on the issues of appellees' landlord's lien, appellant's cross-claim, and priority of the parties' respective liens was reserved. Although the parties did not raise the issue, the question of a final order is a jurisdictional requirement which the appellate court raises on its own in order to avoid piecemeal litigation. *Samuels Hide and Metal Co. v. Griffin*, 23 Ark. App. 3, 739 S.W.2d 698 (1987).

Dismissed.

CRACRAFT and ROGERS, JJ., agree.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
### APRIL 12, 1989

DONALD L. CORBIN, Chief Judge. ■ Petition for re-

hearing is denied. We determined on February 8, 1989, that the matter appellants attempted to appeal was not a final appealable order, and we therefore dismissed. The trial court specifically reserved judgment on certain interrelated issues of this litigation. Jurisdiction remains in the trial court for adjudication of those claims. When a final adjudication of all claims has been made, either party may properly perfect an appeal. Our decision does not foreclose an appeal on the issues already adjudicated, because they have not been included in a final appealable order.

Petition denied.