FIRST FEDERAL SAVINGS & LOAN ASSOCIATION of Paragould *v.* David K. DRAKE, Bettye J. Drake, Bob Berry and Karin Berry

88-288                                    766 S.W.2d 617

Supreme Court of Arkansas
Opinion delivered March 20, 1989

*Fulkerson & Todd, P.A.,* by: *Michael E. Todd,* for appellant.

*Osmon & Wilber,* by: *David L. Osmon,* for appellee.

STEELE HAYS, Justice. On March 18, 1986, the appellees, David K. Drake, Bettye J. Drake, Bob Berry, and Karin Berry executed a real estate mortgage to the appellant, First Federal

Savings & Loan Association of Paragould. This mortgage was filed on July 31, 1986, in the Mortgage Records of Greene County, Arkansas. Paragraph 2(h)(7) of this mortgage provided that the maturity of the principal indebtedness which the mortgage secured could be accelerated by the appellant "if the mortgagor or assignee sells or conveys (or contracts to sell or convey) all or any part of the mortgage property without the written consent of the holder of said note."

On February 17 and 25, 1988, the appellees David Drake and Bettye Drake, executed additional estate mortgages to Bruce M. Smith and Rollin M. Smith on the property previously mortgaged to the appellant. After informing the appellees by letter of their decision to accelerate their mortgage, the appellant filed a Complaint in Foreclosure on September 17, 1988, alleging that the subsequent mortgages to the Smiths breached paragraph 2(h)(7) of the mortgage agreement. Also named as defendants in the foreclosure action were John and Elaine Newsom. The Newsoms possessed a leasehold interest in the mortgaged property and thereby asserted a counterclaim against the appellant alleging their leasehold interest to be superior to the appellant's mortgage. In addition, the Newsoms asserted a cross-claim against defendants/appellees, Drake and Berry, for delinquent accounts. Because the Newsoms' leasehold interest was mortgaged to Security Bank of Paragould, the bank was also named as a defendant as well as Waterfurnace International and Shannon King, judgment lien holders against the defendants/appellees, Drake and Berry.

The appellees filed a motion for summary judgment contending that the appellant had no right to accelerate the note based on the appellees' issuance of subsequent mortgages on the property. The chancellor held that the language contained in paragraph 2(h)(7) of the appellant's mortgage did not provide the appellant with a right to accelerate and foreclose and granted the appellees' motion for summary judgment.

■ We dismiss this appeal because the order does not meet the requirements of ARCP Rule 54(b). *Tackett* v. *Robbs*, 293 Ark. 171, 735 S.W.2d 700 (1987); *Kilcrease* v. *Butler*, 291 Ark. 275, 724 S.W.2d 169 (1987). ARCP Rule 54(b) provides:

When multiple parties are involved, or where more than

one claim is presented, the trial court may direct the entry of a final judgment as to one or more but fewer than all of the parties and claims only upon an express determination that there is no just reason for delay and upon the express direction for the entry of the judgment.

There are multiple parties as well as multiple claims present in this action. The chancellor granted the appellees' motion for summary judgment, but other defendants in the action remained. The chancellor's order does not make a determination that there is no just cause for delay, and thus, the requirements of ARCP Rule 54(b) were disregarded.

We have issued numerous reminders that the rules of civil procedure do not permit an appeal in such cases except in accordance with Rule 54(b). *McClendon* v. *State*, 293 Ark. 173, 735 S.W.2d 700 (1987); *Earl* v. *Mosler Safe Co.*, 291 Ark. 276, 724 S.W.2d 169 (1987); *Arkhola Sand & Gravel Co.* v. *Hutchinson*, 289 Ark. 313, 711 S.W.2d 474 (1986); *Sherman* v. *G & H Transportation, Inc.*, 287 Ark. 25, 696 S.W.2d 832 (1985); *Tulio* v. *Arkansas Blue Cross and Blue Shield, Inc.*, 283 Ark. 278, 675 S.W.2d 369 (1984); *3-W Lumber Co.* v. *Housing Authority of Batesville*, 287 Ark. 70, 696 S.W.2d 725 (1985); *Vermeer Manufacturing Co.* v. *Vandiver Equipment Co. and Ford Motor Co.*, 279 Ark. 248, 650 S.W.2d 244 (1983).

Appeal dismissed without prejudice to an appeal from a final judgment.