.Garland T. HEARNE and Lois Hearne, His Wife *v.* Paul Edward McADOO and Doris E. McAdoo, His Wife, and Donald Ray Samples and Teresa Kay Samples, His Wife, and Jim Walter Homes, Inc.

89-142                                            777 S.W.2d 863

Supreme Court of Arkansas
Opinion delivered October 16, 1989

*Webb & Doerpinghaus*, by: *Charles J. Doerpinghaus, Jr.*; and *Fred Briner*, for appellant.

*Gruber Law Firm*, by: *Wayne A. Gruber*, for appellee.

TOM GLAZE, Justice. This case is certified to this court on the premise that it involves the construction of a deed. We do not

reach the merits raised in the appeal because the chancellor's order fails to comply with ARCP Rule 54(b).

Appellants, Garland and Lois Hearne, initiated this suit to remove the cloud on their title to 22.47 acres located in Saline County. The property in question was involved in a number of transfers over the past fifty years, including a tax sale which is in issue in this appeal. Other issues raised by appellants center on their claim that Garland and his father, J. G. Hearne, had an agreement that a family member, by paying taxes and upkeep expenses, could live on the property. Garland's sister, Leska Marie McAdoo and her husband, C.O., lived on the property until they died — Leska Marie died in 1985. Appellees, Paul and Doris McAdoo, claim title to this disputed land by a September 28, 1983 deed from Paul's mother, Leska Marie McAdoo. Leska McAdoo also conveyed one acre of the property to her granddaughter and her husband, appellees Don and Teresa Samples. The Samples mortgaged their one acre apparently in connection with improvements made by appellee Jim Walter Homes, Inc. (Walter Homes). Walter Homes filed its action to foreclose on the one acre tract, and that foreclosure action was consolidated with the Hearnes' quiet title suit.

Although the chancellor decided that the appellees, Paul and Doris McAdoo, had established their claim to the property by adverse possession, the claims raised regarding the foreclosure action remain unresolved. In fact, the chancellor stated that he retained jurisdiction of the case to adjudicate the right of Walter Homes pending the receipt of a survey of the premises involved in the foreclosure.

■■ Under ARCP Rule 54(b), when multiple parties are involved in an action, the lower court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. The chancellor made no such express determination here, and in fact clearly indicated that a portion of the case had not been adjudicated. Inasmuch as the chancellor's order did not comply with Rule 54(b), no final judgment has been entered and no appeal may be taken. *See, e.g., 3-W Lumber Co.* v. *Housing Authority for the City of Batesville*, 287 Ark. 70, 696 S.W.2d

725 (1985).

For the reasons stated above, the appeal is dismissed.