BRANDON J. HARRISON, Judge
In May 2016, Earl Betts and Amy Betts bought a new 2016 Jeep Wrangler from a dealership in Springdale, Arkansas. When they did so they signed a retail-installment sales contract that gave Ally Financial a secured interest in the jeep in exchange for lending them $ 39,137.26. The Bettses insured the jeep through a policy with USAA General Indemnity Company (USAA). They also bought additional coverage for it through a guaranteed asset-protection (GAP) contract with the dealership.
*480 Not long after they had bought the jeep, the Bettses were involved in a collision that totaled the jeep. USAA paid Ally Financial $ 32,273.19, and the breakdown of that sum was as follows: $ 30,243 for the jeep's actual cash value; $ 2,015.80 for sales tax; $ 10 for a title fee; $ 2.89 for the validation decal fee; $ 0.50 for the lien filing fee; and $ 1 for the registration fee. The GAP provider paid Ally $ 3,764.26. After these payments, the Bettses still owed Ally $ 2,003.65. Ally has sued the Bettses for the remaining amount, plus interest.
After filing the insurance claim, the Bettses demanded that USAA pay the sales-tax amount, the transfer fee, the validation decal fee, and the registration fee directly to them, not to their creditor Ally. When USAA refused to do so, the Bettses sued the company in January 2017 in the Benton County Circuit Court. USAA answered the complaint. Four months later, the Bettses amended their complaint to allege that they were members of a similarly situated class of insured USAA customers or former customers. They alleged that USAA's failure to issue direct payment to the plaintiffs for the sales tax and fees violated Arkansas law.
USAA filed a notice of removal, but the United States District Court for the Western District of Arkansas remanded the case in late June 2017. A certified copy of the federal order and docket was filed in the Benton County Circuit Court the same day.
In October 2017, USAA filed a counterclaim against the Bettses for a declaratory judgment. USAA also filed a third-party complaint against the lienholder Ally Financial, Inc. and against the dealership that had sold the jeep to the Bettses (Everett CDJR, LLC). In addition to its declaratory-judgment request against the two third-party defendants, USAA claimed unjust enrichment. It requested that if the circuit court determined that USAA must pay the $ 2,030.19 in taxes and fees directly to the plaintiffs, then the defendants should return that money to USAA. In November 2017, Ally answered the third-party complaint and filed a cross-claim against the Bettses for the deficiency balance on the installment contract. Everett also answered USAA's third-party complaint.
In February 2018, USAA moved for summary judgment against the plaintiffs. It argued, among other things, that it had properly paid the vehicle sales tax and fees to Ally under the terms of the USAA automobile-insurance contract and Arkansas law. A flurry of responses and motions ensued. Everett said that it had assigned its contractual rights under the GAP policy to Ally, so it was not a necessary party to the litigation.
In June 2018, the circuit court granted summary judgment to USAA. The summary-judgment order states, "USAA GIC is entitled to judgment as a matter of law on Plaintiffs' claims and on the claim for declaratory judgment set out in its [c]ounter claim against Plaintiffs; and Plaintiff's Amended Complaint against USAA GIC is dismissed, with prejudice." Incorporated in the appealed summary-judgment order is a Rule 54(b) certificate. The certificate is replicated here:
Rule 54(b) Certificate
With respect to the issues determined by the above judgment, the Court finds:
1. With the exception of Ally Bank's cross claim against Plaintiffs for the unpaid balance of the loan on the 2016 Jeep Wrangler, the remaining claims in this case cannot be accurately or efficiently adjudicated until USAA GIC's summary judgment is heard by the appellate courts.
*481 2. These claims are only relevant if Plaintiffs' claims are correct and USAA GIC was required under Arkansas law to send Plaintiffs, and others similarly situated, a check for the portions of the insurance settlement representing sales tax and fees.
3. USAA GIC's third-party claims are currently moot.
4. If the Court's order is reversed, the remaining claims can be efficiently adjudicated, along with Plaintiffs' claims, on remand.
5. It would be a hardship to the parties to litigate the remaining claims, under these circumstances, because they hinge on the outcome of the ultimate issue decided by this Court on USAA GIC's Motion for Summary Judgment.
Upon the basis of the foregoing factual findings, the Court hereby certifies, in accordance with Rule 54(b)(1), Ark. R. Civ. P., that it has determined that there is no just reason for delay of the entry of a final judgment and that the Court has and hereby does direct that the judgment shall be a final judgment for all purposes.
CERTIFIED this 19th day of June, 2018.
This Document Electronically Signed By
JOHN R. SCOTT
CIRCUIT COURT JUDGE
We have a final-order problem in this case. Whether an order is final and appealable is a jurisdictional question that this court will raise on its own. Kowalski v. Rose Drugs of Dardanelle, Inc. , 2009 Ark. 524, 357 S.W.3d 432. A final judgment is the cornerstone of appellate jurisdiction. Ark. R. App. P.-Civ. 2(a) (2018); Bayird v. Floyd , 2009 Ark. 455, 344 S.W.3d 80. For an order to be final and appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. Id.
Arkansas Rule of Civil Procedure 54(b) is an exception to this general rule, however, as it allows an appeal when one might not otherwise be available because "one or more but fewer than all of the claims" have been adjudicated. Ark. R. Civ. P. 54(b) (2018). Pursuant to Rule 54(b), a circuit court may direct "the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment." When determining that there is "no just reason for delay," the circuit court must weigh "the overall policy against piecemeal appeals against whatever exigencies the case at hand may present." Murry v. State Farm Mut. Auto. Ins. Co. , 291 Ark. 445, 447, 725 S.W.2d 571, 572 (1987) (internal cites omitted).
Here, the circuit court did not recite facts that establish exceptional circumstances or why "a compelling, discernible hardship will be alleviated by an appeal." Fisher v. Citizens Bank of Lavaca , 307 Ark. 258, 259, 819 S.W.2d 8, 9 (1991). Facts supporting a Rule 54(b) certification must be stated in the circuit court's certificate itself; that the record may contain facts supporting the circuit court's Rule 54(b) certificate is not enough. Dunn v. Am. Mortg. Assocs., Inc. , 2015 Ark. App. 358, at 5, 2015 WL 3507632 ; Bayird , 2009 Ark. 455, at 4, 344 S.W.3d at 84 ("[M]erely tracking the language of Rule 54(b) will not suffice."). And the certificate must contain specific factual findings as to why an immediate appeal should issue. Robinson v. Villines , 2012 Ark. 211, at 5, 2012 WL 1739140. It is a persnickety rule to be sure, but it is also a longstanding one.
*482 Second, the court gave no reason why Ally's dangling cross-claim against the Bettses should not preclude an interlocutory appeal now. SEECO, Inc. v. Holden , 2014 Ark. App. 227, at 3, 2014 WL 1396673 (unresolved cross-claim destroys finality).
Third, the appellants' operative complaint is a class-action complaint seeking to certify as a class certain people insured by USAA. Specifically, the plaintiffs asked the circuit court to certify this class (subject to certain exclusions):
Residents of the State of Arkansas who, from January 19, 2012 through the date of resolution of this action, (a) purchased a policy of insurance from the Defendant; (b) had their vehicle deemed a total loss by the defendant; (c) had applicable taxes, license fees and other fees actually incurred incident to transfer of evidence of ownership of a comparable automobile paid to a lien holder and (d) never received payment of the applicable taxes, license fees and other fees actually incurred incident to transfer of evidence of ownership of a comparable automobile.
Arkansas Rule of Civil Procedure 23(b) requires, "At an early practicable time after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." Ark. R. Civ. P. 23(b). This standard gives the circuit court and the parties some flexibility, while leaving intact the settled Arkansas law that the court may not inquire into the merits at the certification stage. Speights v. Stewart Title Guar. Co. , 358 Ark. 59, 65, 186 S.W.3d 715, 719 (2004), opinion supplemented on denial of reh'g (Sept. 30, 2004). But there is no class-action related order in the record; not one that certifies a class on a particular issue(s), nor one that denies a class for this reason or that. In other words, we have no idea where this case stands on such a significant procedural issue. We also lack any argument from any party on why this hole in the record does or does not affect the Rule 54(b) request. In summary, the Rule 54(b) certificate does not clearly identify whether this court would be deciding (potentially) thousands of claims as the complaint alleges or just the Bettses' individual claims. This uncertainty alone gives us serious pause. Nor does the Rule 54(b) certificate state any factual reasons why the parties would suffer an undue hardship if an appeal is not permitted right now. Finally, the certificate does not give any factual reasons why this appeal should proceed before Ally's cross-claim against the Bettses has been adjudicated by the circuit court.
For all these reasons, we dismiss this appeal without prejudice for lack of a final order.
Appeal dismissed without prejudice.
Hixson and Brown, JJ., agree.