FURST & THOMAS *v.* VARNER.

Opinion delivered December 18, 1922.

1. GUARANTY—BURDEN TO PROVE RELEASE.—A guarantor pleading a release has the burden of proving same.

2. GUARANTY—RELEASE—JURY QUESTION.—In an action upon a guaranty, where the guarantors claim a release by reason of letters written to and received from the creditor, the issue of release, being dependent on the authenticity of the letter, was for the jury.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; reversed.

*Avery M. Blount,* for appellants.

.The appellees, in substance, admit the execution of the contract, and claim a release. No release was given. There was no laches or presumption against appellants for not producing testimony from the opposite parties to the suit. 20 R. C. L. 293; I Blackford's Reports 313; 12 Am. Dec. 243. The burden was on appellees to prove Bowers did not have authority. There was no denial of his authority in the pleadings, and the motion for new trial should have been granted on the newly discovered evidence therein set up.

*John E. Miller* and *C. E. Yingling,* for appellees.

Bowers was acting as a volunteer and not as agent, and Varner was not bound. 96 Ark. 505; 60 Mich. 150; Storey on Agency, sec. 255-258; 96 U. S. 640; Clark & Skyles on Agency, §§ 110, 136; 137 Ark. 530. The an-

swer should be considered amended to conform to the proof. 62 Ark. 431; 33 Ark. 811. No proper diligence to procure the evidence now set up as new was shown. 132 Ark. 617; 112 Ark. 507; 117 Ark. 71; 142 Ark. 223. The release inured to the benefit of Dewberry. 12 R. C. L. 1086; 44 Ark. 349; 21 R. C. L. 1050.

HUMPHREYS, J.   Appellants instituted suit in the White County Circuit Court to recover an alleged bal-ance, on open account, of $1,201.86 from J. H. Goodman, as principal, and T. J. Bowers, E. R. Dewberry and E. T. Varner, as guarantors or sureties, under written contract for the payment of the account.

J. H. Goodman had disappeared, and personal serv-ice was not obtained upon him. Personal service was obtained upon the sureties.

T. J. Bowers and the appellees filed answers, deny-ing the alleged indebtedness, and, by way of a separate defense, T. J. Bowers and E. T. Varner pleaded a written release, and by way of an additional defense E. R. Dew-berry pleaded that the written release of T. J. Bowers and E. T. Varner, without his knowledge or consent, ef-fected his release, if in fact accepted and bound under the contract of indemnity; he also alleged that he was notified, after signing the indemnity contract, that appel-lants would not accept him as a surety, which refusal and notification effected his release.

The cause proceeded to a hearing upon the pleadings and deposition of Frank E. Furst. No other witness tes-tified in the case. When the deposition had been read, the court directed a verdict releasing and discharging E. T. Varner and E. R. Dewberry, and rendered judg-ment in accordance therewith, from which is this appeal.

The record reflects that on the 30th day of July, 1914, appellants entered into a written contract with J. H. Goodman to sell him merchandise, from time to time, on a credit, and on the same day entered into an indemnity contract with appellees and T. J. Bowers, whereby they guaranteed the payment of all goods sold and delivered

to the principal, Goodman; that in February, 1915, appellants received a letter purporting to be signed by J. H. Bowers and E. T. Varner, requesting that they be released as sureties upon the indemnity contract; that appellants responded as follows:

"While we cannot release you at this time from responsibility for the balance due us on his account, we, of course, will not make any further shipment to him under the contract. We will notify him at once of your desire to be released, and will give him an opportunity to furnish another contract if he cares to do so. Of course, in the event that he furnishes a new contract, you will be released as soon as the new one is accepted. Should he not do that, then we will hold you responsible, under the contract which you signed, until the balance due on his account is settled."

In response, they received the following letter, dated March 8, 1915, purporting to be from T. J. Bowers and E. T. Varner, in reply to the above quoted letter:

"Messrs. Furst & Thomas,

"Freeport, Ill.

"Dear sirs: After talking to Mr. Goodman and considering the matter, we have decided to remain on his bond, and will kindly ask you to send us a statement of how the account stands at this time, so that I may see how the business is going. I realize the fact that it would put Mr. Goodman in a bad shape to lose out at this time, and will help him through with this, and feel sure that he will make good.

"With very best wishes, we are yours,

"T. J. BOWERS,

"E. T. VARNER,

"By T. J. B."

Upon receipt of the letter of March 8, 1915, appellants immediately replied to both T. J. Bowers and E. T. Varner, in separately addressed envelopes, as follows:

"We have your letter of March 8th, signed by yourself and Mr. T. J. Bowers, in which you state that, after

talking to Mr. Goodman, you have decided to remain on his contract as guarantor, and that we may now ship him goods on his orders and let him go ahead with his business.

"We know Mr. Goodman greatly appreciates this action on your part, and we trust that you will never have occasion to regret it.

"In response to your request we inclose herewith a statement showing the business reported by Mr. Goodman since January 1st of this year and the balance due on his account. Further statements will be sent you at any time upon your request for them."

The court instructed a verdict releasing appellees upon the theory that the record failed to show E. T. Varner authorized T. J. Bowers to sign his name to the letter of date March 8, 1915. Both letters purported to be from Bowers and Varner, but neither was authenticated. Both constituted the correspondence touching upon the same matter. The first letter requested a release and the second withdrew the request. If both letters were genuine, they did not effect a release of appellees. Without something in the record to show to the contrary, both should have been treated as genuine. They were received through the mail by appellants, and, as stated above, related to the same subject and purported to have been written by the same parties. Appellees pleaded a release, and the burden was upon them to establish it. The undisputed proof introduced by appellants does not show a release. It almost, if not conclusively, establishes no release.

In the present state of the record, it would have been more nearly correct to direct a verdict for appellants than for appellees.

The issue of release should have been submitted to the jury upon proper instructions, same being dependent upon the authenticity of the letters.

For the error indicated, the judgment is reversed, and the cause remanded for a new trial.