Elmer D. Curry and Emma Jean Curry *v.*
Commercial Loan and Trust Co. et al

5-4036                                       407 S. W. 2d  942

Opinion delivered November 14, 1966

*Levine, Williams & Bryant* and *Edward M. Owens,*
for appellant.

*James A. Ross* and *James A. Ross Jr.,* for appellee.

Osro Cobb, Justice. On January 23, 1963, appellants
executed their first mortgage installment note to appel-
lee bank in the amount of $12,500.00, the note being se-
cured by a real estate mortgage executed by appellants
on the same day, and embracing certain lands which
included appellants' homestead. The mortgage recited
that it was to secure all other advances up to and in-
cluding the legal lending limit of appellee bank, which
was set forth upon the mortgage at $42,000.00.

On September 27, 1963, appellants sought and ob-
tained an additional advance of $8,500.00 from appellee
bank for which they also executed a first mortgage in-
stallment note. On February 17, 1964, appellants sought

and obtained a further advance in the sum of $7,500.00 for which another first mortgage installment note was executed. The installment notes of September 27, 1963 and February 17, 1964 were co-signed by Hulbert Crute, it being conceded by appellants that Crute was a paid accommodation endorser of the paper.

When the notes of September 27, 1963 and February 17, 1964 were offered in evidence, they contained a typed notation as follows: "This note is further secured by real estate mortgage dated January 23, 1963 and recorded in Book 142, Page 65."

The controversy in this case involves appellants' insistence that the additional advances of September 27, 1963 and February 17, 1964 were not secured by their mortgage dated January 23, 1963.

The controversy was tried by the Chancellor who, after hearing, found against appellants' contentions and the case is now before us for appellate review.

No evidence was introduced during the hearing before the trial court attacking the genuineness of the signatures on all of the executed instruments which were involved, nor was there any evidence suggesting that appellants did not in fact receive the benefit of the additional advances. Furthermore, the evidence does not suggest that there was any discussion between the parties prior to the two advances as to any collateral to secure same, except the mortgage of appellants executed on January 23, 1963. Moreover, the notes covering said advances had printed in bold type thereon: "First Mortgage Installment Note." There was no evidence of any other mortgage than the one executed by appellants on January 23, 1963.

Appellants urge that the notations at the bottom of the notes for the advances were placed thereon after delivery to the bank. The witness for the bank could not pinpoint the exact time when the notations were

placed upon the instruments. However, this was immaterial to the bank's contention that the advances were secured by appellants' mortgage. *Benton State Bank* v. *Reed,* 240 Ark. 704, 401 S. W. 2d 738 (1966); *Holt* v. *Gregory,* 219 Ark. 798, 244 S. W. 2d 951 (1952); *State National Bank* v. *Temple Cotton Oil Company,* 185 Ark. 1011, 50 S. W. 2d 980 (1932).

No contention has been made that the language of any of the instruments involved was ambiguous. Our duty is to enforce valid agreements between parties and not to rewrite them. *McLeod* v. *Meyer,* 237 Ark. 173, 372 S. W. 2d 220 (1963); *State Farm Mutual Insurance Company* v. *West,* 181 F. Supp. 779 (W. D. Ark. 1960).

We have examined the record in this case and the instruments relied upon by appellees and we have concluded, as did the trial court, that the advances of September 27, 1963 and February 17, 1964 were secured by appellants' mortgage of January 23, 1963. Such a conclusion is supported by a clear preponderance of the evidence.

The decree of the trial court is affirmed.

Affirmed.