### INTER-SPORT, INC. *v.* Steve WILSON and Vicki WILSON

83-170 661 S.W.2d 367

Supreme Court of Arkansas
Opinion delivered December 5, 1983

*Charles Darwin Davidson, P.A.,* by: *Stephen Gershner,* for appellant.

*Jim O'Hara,* for appellees.

RICHARD B. ADKISSON, Chief Justice. This case was certified to this court from the Arkansas Court of Appeals pursuant to Ark. Sup. Ct. R. 29 (4) for a determination of a question of usury which we do not reach since the issue was waived by the parties for purposes of appeal by their failure

to object when the trial court declined to render a ruling thereon.

On June 18, 1976, 3-W Enterprises, Inc. (hereinafter 3-W) entered into a franchise agreement with appellant, Inter-Sport, Inc. As a part of that franchise agreement, appellees, Steve Wilson and Vicki Wilson, his wife, executed a guaranty regarding payment of royalties arising from the agreement.

On May 10, 1981, 3-W and Inter-Sport, Inc. entered into a compromise agreement, evidenced by a promissory note, reducing to a sum certain the amount due under the franchise agreement. The issue on appeal is whether the execution of the promissory note discharged appellee's personal liability on the guaranty agreement.

Arkansas has adopted the well-settled principle of law of guaranty that a material alteration in the obligation assumed, made without the assent of the guarantor, discharges him from liability as guarantor. *Moore* v. *1st Nat'l Bk. of Hot Springs,* 3 Ark. App. 146, 623 S.W.2d 530 (1981). A guarantor is not liable where the underlying agreement was changed in form or in substance. *Spears* v. *El Dorado Foundry Machine & Supply Co.,* 242 Ark. 590, 414 S.W.2d 622 (1967). Guarantors are entitled to a strict construction of their undertaking and cannot be held liable beyond the strict terms of their contract. *National Bank of Eastern Arkansas* v. *Collins,* 236 Ark. 822, 370 S.W.2d 91 (1963). According to the better rule of law, a material alteration in or departure from the contract of guaranty, without the guarantor's consent, will discharge him, whether or not he is prejudiced thereby. For discussion see 38 C.J.S. *Guaranty* § 74 (1943).

Here, the underlying agreement between appellees and Inter-Sport, Inc. was a guaranty of the franchise agreement. The subsequent execution of the promissory note from 3-W to Inter-Sport, Inc. in satisfaction of sums owed on the franchise agreement constituted a material change in both the form and substance of the original understanding and, therefore, extinguishes any liability the appellees may have had as guarantors of the franchise agreement. See *Spears* v.

*El Dorado Foundry, supra,* to the same effect, where promissory notes were substituted for an open account.

Affirmed.