CONTINENTAL OZARK, INC. *v.* Steven LAIR

CA 89-97                                    779 S.W.2d 187

Court of Appeals of Arkansas
Division II
Opinion delivered September 20, 1989

*Adams & Nichols*, by: *Johnny L. Nichols*, for appellant.

*Walker, Campbell & Campbell*, by: *Bradley C. Crawford*, for appellee.

JUDITH ROGERS, Judge. The appellant, Continental Ozark, Inc., appeals the decision of the trial court granting judgment in favor of appellee, Steven Lair. The only question on appeal concerns the propriety of the trial court's conclusion that the appellee, a guarantor on a corporate obligation, was discharged as a matter of law due to the subsequent sale of his interest in the obligor corporation. We reverse and remand.

The undisputed facts in this case reveal that the appellant sold petroleum products to Lair Oil Company, Inc. on an open account basis. In May of 1984, appellee, who owned an interest in Lair Oil, executed a personal guaranty as security for the indebtedness on the open account. Appellee later sold his interest in Lair Oil to Charles Luna, who in 1987 with his wife provided a personal guaranty on the open account.

The appellant filed suit in May of 1988 for an outstanding debt on this account in the amount of $231,779.79. Named as defendants in the lawsuit were Lair Oil, Charles and Judith Luna, and the appellee. As alleged in the complaint, appellee's liability on the open account was based on the 1984 personal guaranty. Appellee responded by filing a motion to dismiss, claiming that his liability had been discharged as a matter of law as a result of the sale of his stock in the company to the Luna's, who in turn gave their personal guaranty.

By order of November 17, 1988, the trial court granted appellee's motion, thereby dismissing him from the litigation. In its order, the trial court stated that it was treating the motion to

dismiss as one for summary judgment as permitted under Ark. R. Civ. P. 12(b)(6). We accept the trial court's view of this matter in this regard. While the motion to dismiss alleges the failure to *state* a claim, the motion for summary judgment in these circumstances, alleges the failure to *have* a claim. *Joey Brown Interest, Inc.* v. *Merchants Nat'l Bank of Ft. Smith*, 284 Ark. 418, 683 S.W.2d 601 (1985) (emphasis in original).

Summary judgment is an extreme remedy, and is only proper whenever the pleadings and proof show that no genuine issue exists as to a material fact and that the moving party is entitled to judgment as a matter of law. *Talley* v. *MFA Mutual Ins. Co.*, 273 Ark. 269, 620 S.W.2d 260 (1981). Summary judgment is not proper where evidence, although in no material dispute as to actuality, reveals aspects from which inconsistent hypotheses might reasonably be drawn and reasonable men might differ. *Walker* v. *Stephens*, 3 Ark. App. 205, 626 S.W.2d 200 (1981). The object of summary judgment proceedings is not to try the issues, but to determine if there are issues to be tried, and if there is any doubt whatsoever, the motion should be denied. *Heritage Bay Property Regime* v. *Jenkins*, 27 Ark. App. 112, 766 S.W.2d 624 (1989).

The trial court concluded as a matter of law that the appellee was released from his obligation by the subsequent change in ownership of Lair Oil. In reliance on the decision of *Gazette Publishing Co.* v. *Cole*, 164 Ark. 542, 262 S.W. 985 (1924), the trial court reasoned:

> That there was a known material change in the ownership of Lair Oil Company, Inc. and a surety who become [sic] such does so because of his knowledge of and confidence in the integrity and abilities of existing ownership and cannot be presumed to have intended to become responsible for the debts of the succeeding owner.

This language used by the court can be found in *Gazette Publishing Co.* v. *Cole, supra*. There, the supreme court ruled that a guarantor of a partnership debt would have been entitled to a directed verdict where one of the partners left the partnership. The court determined that the withdrawal of the partner constituted a material alteration of the surety contract with the effect of discharging the guarantor from his obligation. The decision in

*Cole* is based heavily on the guarantor's presumed reliance on the individuals composing the firm at the time the guaranty was given.

Here, the appellant argues that *Cole* is distinguishable from the case at bar in that the decision rests upon a change in members of a partnership, as opposed to a change in ownership of a corporation. We agree. It is stated in Annot., 69 A.L.R. 3d 567 § 2(a) (1976), that it is only in the situation involving the addition or loss of partners or firm members, as was the case in *Cole*, that a significant number of cases are to be found supporting the release of a guarantor or surety's liability to an obligee as a matter of law. The annotation also points out other factors that are considered relevant in determining whether the guarantor has been released when there has been a change in corporate ownership.

There are several Arkansas cases from which it can be inferred that a guarantor of a corporate debt is not released simply by virtue of a change in ownership, particularly where the change is brought about by the sale of the guarantor's interest in the corporation. In *Meek* v. *U.S. Rubber Tire Co.*, 244 Ark. 359, 425 S.W.2d 323 (1968), the obligee prevailed against the guarantor of an open account who was held to remain liable even after he had sold his interest in the obligor corporation. On appeal, the guarantor argued that he had been discharged because, upon the sale, a release had been executed whereby the purchaser agreed to hold him harmless for the debt. The court rejected his argument because the obligee was not a party to the release. However, in *Spears* v. *El Dorado Foundry*, 242 Ark. 590, 414 S.W.2d 622 (1967), the court found that the guarantor on an open account was released, not because of his withdrawal from the corporation, but because promissory notes had been substituted securing payment on the open account. The court reasoned that the substitution constituted a material alteration of his obligation which discharged his liability. *See also, Inter-Sport, Inc.* v. *Wilson*, 281 Ark. 56, 661 S.W.2d 367 (1983).

These cases suggest that the sale of an interest or change in ownership of a corporation does not in and of itself operate to extinguish the guarantor's obligation, and thus it appears that a distinction can be made between the release of a guarantor of a partnership and a corporate obligation. Further-

more, the question of whether the guarantor has been discharged is dependent on the facts, and whether there has been a material alteration of the surety contract.

In Arkansas, it is settled law that a guarantor is not liable where his underlying agreement has been changed without his consent. *Vogel* v. *Simmons First Nat'l Bank*, 15 Ark. App. 69, 689 S.W.2d 576 (1985). Any material alteration of the obligation assumed, made without the consent of the guarantor, discharges him. *Moore* v. *First Nat'l Bank of Hot Springs*, 3 Ark. App. 146, 623 S.W.2d 530 (1981). An alteration is not material unless the guarantor is placed in the position of being required to do more than his original undertaking. *Vogel* v. *Simmons First Nat'l Bank, supra.* Furthermore, a guarantor who pleads release has the burden of proving that release. *Van Balen* v. *People's Bank & Trust Co.*, 3 Ark. App. 243, 626 S.W.2d 205 (1981).

Since the question of whether there has been a release depends on facts that remain to be developed, we hold that the trial court erred in granting judgment as a matter of law.

As a final point, the appellee has raised the question as to whether the court's order was a final, appealable judgment based on Ark. R. Civ. P. 54(b), and the case of *First Fed. Savings & Loan Ass'n* v. *Drake*, 298 Ark. 287, 766 S.W.2d 617 (1989). However, the record in this case has been supplemented to include an order dismissing Lair Oil and the Lunas from this action. Since appellee is now the only remaining defendant, we conclude that the judgment of the trial court is final for the purposes of this appeal.

REVERSED and REMANDED.

COOPER and MAYFIELD, JJ., agree.