Tom Glaze, Justice. On December 1, 1982, the City of Ashdown (pursuant to Act 9 of 1960 (Ark. Code Ann. §§ 14-164-201 to -224)) issued $700,000 in Industrial Development Revenue Bonds without an election by the voters of Ashdown. Proceeds of the bonds were used to purchase a trailer manufacturing enterprise in the city from Ashdown Manufacturing Company. The city then leased the manufacturing facility to FABCO of Ashdown under a lease agreement dated November 1, 1982. The city planned to use the lease payments to pay off the bonds. In order to secure the insurance of the bonds, the State First National Bank of Texarkana, the trustee, was granted a first mortgage on the property occupied by FABCO and a first lien on all of the machinery, equipment and other personal property subject to the lease. The city wanted the Arkansas Industrial Development Commission (AIDC) to guarantee the bonds and to help with their sale. Before it would guarantee the payment of the bonds, AIDC obtained individual guaranties from appellees, L. N. and Frances Yates, Lacy and Lois Harris, and James and Marguerite Gunter. These agreements guaranteed the payment of principal and interest on the bonds as well as the payment of rental by FABCO. At the time of the execution of these guaranties, L. N. Yates was the president and principal shareholder of FABCO, and Lacy Harris and James Gunter were principal shareholders, officers and directors of Ashdown Manufacturing. FABCO failed to make any payments under the lease agreement, but continued to operate its business. On September 30,1983, AIDC sent a letter to the Yateses, the Gunters and the Harrises, that FABCO was in default for the lease payment due June 30, 1983. The letter reflected that it was formal notice that within five days after receipt of the letter, a complaint in the form as that attached will be filed if AIDC does not receive full reimbursement. On April 1,1985, AIDC and the trustee filed suit against FABCO seeking payment of principal and interest on the bonds and lease payments due under the lease agreement. In the same lawsuit, AIDC sought recovery from the individual guarantors for the amount paid by AIDC under its guaranty — $997,897.20. This money was used to pay the principal and interest payments due on the bonds. In May of 1985, FABCO filed for reorganization under Chapter 11 of the Bankruptcy Code. It was discharged in a Chapter 7 proceeding in May of 1986 and its assets were sold. Both sides filed motions for summary judgment. The trial court granted the guarantors’ motion for summary judgment against AIDC holding (1) the bonds are tainted because they were not approved by the voters of the City of Ashdown as required by the Arkansas Constitution; and (2) AIDC failed to give proper notice of FABCO’s default to the guarantors; thus, the guarantors are released from liability. The trial court held that appellants’ complaint against the individual guarantors should be dismissed with prejudice. Also, the trial court ruled that neither side was to recover attorney’s fees. Appellants appeal from the trial court’s decision. Guarantors cross-appeal from the trial court’s order denying attorney’s fees. If we affirm the trial court’s holding that the guarantors were not given proper notice, it will be unnecessary to address the constitutional issue raised in this appeal. Therefore, we dispose of appellants’ second argument first. The following pertinent provisions of the guaranty agreements must be reviewed in deciding the notice issue: Section 2.2. If FABCO should at any time default in making any rental payments under the Lease when due, . . ., the Guarantor hereby unconditionally covenants that he will make such payments within five days after the receipt by the Guarantor of written notice from either the City, AIDC or the Trustee; provided, however, unless a default shall have occurred and be continuing under Section 3.3 hereof, attached to such notice shall be certified evidence that suit has been filed by either the Trustee, AIDC or the City against FABCO and Yates seeking to recover from FABCO and Yates such delinquent rental payments. Section 2.3. Guarantor hereby guarantees to AIDC (a) the full and prompt payment of the principal of and premium, if any, on the Bonds when and as the same become due . . ., and (b) the full and prompt payment of interest on the Bonds when and as the same become due; provided, however, unless a default shall have occurred and be continuing under Section 3.3 hereof, either AIDC, the Trustee, or the City shall have filed suit seeking such payments of principal and interest from FABCO and Yates before Guarantor shall be liable hereunder . . .. *** Section 3.3. In the case of default other than those under Sections 2.2 or 2.3 hereof, AIDC shall give to Guarantor written notice of such default, and if such default shall continue unremedied for thirty (30) days following receipt of such notice, AIDC shall have the same rights and remedies afforded by Section 3.2 above. *** Section 3.5(a). The obligations of the Guarantor under this Guaranty Agreement are his separate and several obligations, and any person seeking to enforce same need not pursue any remedies which such persons may have against FABCO or Yates beyond the filing of suit against the same, or against any other person or exhaust any remedy against FABCO, Yates or any other person before proceeding hereunder, but may proceed at once against the Guarantor upon default as set forth above. (Emphasis added.) First, under this issue, the appellants argue that the trial court erred in not distinguishing between the guaranty of the rental payments (section 2.2) and guaranty of the principal and interest on the Bonds (section 2.3). Specifically, the appellants argue that the guaranty of the principal and interest (section 2.3) has no notice requirement and cannot possibly be stricken for the supposed failure to give the required notice. The appellants’ argument fails to address the appellees’ position and the trial court’s holding. The appellees admit that they received notice that FABCO was in default on September 30, 1983. This is not why the appellees argue that the appellants did not comply with the agreement. Instead, they argue that the appellants failed to comply with the guaranty agreement by not filing suit against FABCO first before seeking relief against the guarantors. Section 2.2 required appellees to have filed suit and the record clearly reflects no such suit had been filed. Appellants waited until April 1, 1985, or eighteen months before filing suit against the Gunters, the Harrises and FABCO and Y ates. By this time, FABCO was in bankruptcy. Arkansas case law is well-settled that a guarantor is entitled to have his undertaking strictly construed and that he cannot be held liable beyond the strict terms of his contract. Inter-sport, Inc. v. Wilson, 281 Ark. 56, 661 S.W.2d 367 (1983); Lee v. Vaughn, 259 Ark. 424, 534 S.W.2d 221 (1976); National Bank of Eastern Arkansas v. Collins, 236 Ark. 822, 370 S.W.2d 91 (1963); Gulf Refining Co. v. Williams Roofing Co., 208 Ark. 362, 186 S.W.2d 790 (1945). In Inter-sport, this court held that, according to the better rule of law, a material alteration or departure from the contract of guaranty, without the guarantor’s consent, will discharge him whether or not he is prejudiced thereby. Here, the trial court’s holding was based upon the parties’ guaranty requirement requiring the trustee, AIDC or the city to file suit first against FABCO and Yates before seeking relief against guarantors, the Gunters and Harrises. The materiality of that requirement is obvious from the reading of the parties’ agreement. It also is supported by the record. The trial court pointed out that FABCO actually defaulted on its lease-payment obligation in June of 1983, which was two years prior to its filing bankruptcy. Obviously, this undisputed fact met with the material purpose of the guaranty requirement relied upon by the Gunters and Harrises, namely, to require the obligees, the trustee and AIDC, to first place demand on FABCO, as the principal obligor, so as to satisfy or reduce any liability these guarantors would ultimately bear. The Gunters and Harrises were not required to show they were actually prejudiced by the trustee’s, AIDC’s material failure or departure from complying with the guaranty requirements. See Intersport, Inc., 281 Ark. 56, 661 S.W.2d 367. Rather, it is AIDC’s and the trustee’s burden to show their material breach of the parties’ agreement did not result in any harm or damages to the Gunters and the Harrises. Accordingly, we uphold the trial court’s finding that the appellants failed to follow the conditions of the parties’ agreement and holding the guarantors should be released. Both sides contend on appeal that the trial court erred in denying them attorney’s fees. Of course, appellants are clearly not entitled to attorney’s fees under Ark. Code Ann. § 16-22-308 (Supp. 1991), since they have not prevailed in their suit. Appellees, however, claim their entitlement to such fees as prevailing parties. Section 16-22-308 specifically provides for reasonable attorney’s fees to the prevailing party in a civil action involving breach of contract but does so subject to the terms of the contract. Here, section 2.6 of the parties’ agreement provides, “ [Gjuarantor agrees to pay all costs, expenses and fees, including all reasonable attorney’s fees which may be incurred by AIDC in enforcing or attempting to enforce this Guaranty Agreement following any default on the part of the Guarantor hereunder, whether the same shall be enforced by suit or otherwise.” We have held, of course, that the guarantors here have not defaulted, so appellants are not entitled to attorney’s fees under the above contract. On the other hand, appellees in no way waived their rights to attorney’s fees under the circumstances here since they did not default and, in fact, prevailed in their argument by showing appellants had failed to comply with the parties’ agreement. Accordingly, we further hold that the appellees are entitled to reasonable attorney’s fees under § 16-22-308, and remand this cause to the trial court to determine the amount. Hays and Brown, JJ., dissent.