Robert L. Brown, Justice, dissenting. In this decision, the majority has swept aside decades law on the discharge of a guarantor’s obligation. The majority, first, has obliterated the requirement that a determination of material alteration must be made prior to discharge. But the decision also affirms the placement of the burden of proof on what Arkansas cases and American Jurisprudence have long held to be the wrong party. As this is an appeal from a summary judgment, I would reverse and remand this case so that proof of material alteration could be presented by the guarantors and the issue resolved. Initially, this decision misplaces the burden of proof for showing material alteration. The trial court stated in its order: “There has certainly been no showing that the guarantors have not been prejudiced by the Plaintiffs’ failure to abide by the terms of the agreement.” It is, though, incumbent on the guarantors to show material alteration — not the principals. Furst & Thomas v. Varner, 156 Ark. 327, 245 S.W.2d 818 (1922); Continental Ozark, Inc. v. Lair, 29 Ark. App. 25, 779 S.W.2d 187 (1989); Van Balen v. Peoples Bank & Trust Co., 3 Ark. App. 243, 626 S.W.2d 205 (1981); see also 38 Am.Jur.2d, Guaranty, §§ 107, 124 (1968). This authority is implicitly overruled by this decision, or, at the very least, this area of the law is now confused. Secondly, an alteration is not material unless the guarantor is placed in the position of being required to do more than the original undertaking. Wynne, Love & Co. v. Bunch, 157 Ark. 395, 248 S.W.2d 286 (1923); Continental Ozark, Inc. v. Lair, supra; Vogel v. Simmons First National Bank, 15 Ark. App. 69, 689 S.W.2d 476 (1985). In addition, the test for discharge in Arkansas is whether the obligation of the guarantor has been materially altered — not whether the guarantor has been prejudiced. Granted, in some instances material alteration results in prejudice, but the terms are not synonymous in all instances as this court has recognized: Arkansas has adopted the well-settled principle of law of guaranty that a material alteration in the obligation assumed, made without the assent of the guarantor discharges him from liability. . . . According to the better rule of law, a material alteration in or departure from the contract of guaranty, without the guarantor’s consent, will discharge him, whether or not he is prejudiced thereby. Inter-Sport, Inc. v. Wilson, 281 Ark. 56, 57, 661 S.W.2d 367 (1983). Inter-Sport did not do away with the material alteration test, although it did hold that prejudice to the guarantor was irrelevant. Under Inter-Sport, a material alteration or departure must still occur before there can be a guarantor discharge. The trial court did not mention material alteration in its order and from all appearances did not consider it. The test for material alteration, however, is unmistakably a factual one: was the guarantor placed in a position of being required to do more than the original undertaking? That finding is imperative to a decision in this case which means summary judgment in this instance is peculiarly inappropriate. Without such a finding, no decision can be made under existing Arkansas law. The majority makes assumptions to circumvent the absence of a finding on material alteration by the trial court. This is the first time to my knowledge that this court has assumed a finding on a pivotal issue of material fact for the purpose of affirming a summary judgment. If we allow a summary judgment to stand based on what this court speculates that the trial court assumed about a controlling principle of law and a decisive material fact, with nothing more, then we place the non-moving party at a decided disadvantage because that party has no opportunity to address or contest the issue. A summary judgment must be premised on a clear finding that there is no genuine issue of material fact. Here, the critical issue of material alteration was not addressed. I would send this case back for appropriate development of that issue and place the burden of proof on the guarantors. Hays, J., joins.