MORRILTON SECURITY BANK *v.* Ronald G. KELEMEN
and Jean Louise Kelemen; Charlene Engelhoven,
Intervenor

CA 99-1108                                    16 S.W.3d 567

Court of Appeals of Arkansas
Division III
Opinion delivered May 17, 2000
[Petition for rehearing denied June 21, 2000.]

*Brazil, Adlong, & Osment, PLC*, by: *William C. Brazil*, for appellant.

*Joel Taylor*, for appellee.

JOHN E. JENNINGS, Judge. In 1991, Charlene Engelhoven's husband, a Morrilton chiropractor, died. On April 27, 1993, she sold his chiropractic practice and office building to Ronald and Jean Louise Kelemen. The Kelemens financed the purchase by executing a one-year note for $110,000.00 at 8 percent interest, together with a mortgage, in favor of Morrilton Security Bank, the appellant here. To facilitate the sale Mrs. Engelhoven pledged a $35,000.00 certificate of deposit as additional collateral for the loan. She signed an "Assignment of Deposit" in which she agreed to give the bank a security interest in the certificate of deposit to secure the loan to the Kelemens, "plus all extensions, renewals, modifications, and substitutions." On April 7, 1994, the loan was renewed at a rate of eight percent for one year with a principal amount of $148,000.00. Mrs. Engelhoven executed another assignment of deposit and signed the new note.

In 1995, the loan was renewed for one year with the principal amount of $143,000.00 at 9.97 percent interest. In 1996, the loan was renewed for one year with a principal amount of $140,000.00 and interest at 10 percent. In 1997, the loan was renewed again for one year with a principal amount of $135,000.00 and interest at 10 percent. Mrs. Engelhoven signed no additional documents in connection with the last three renewals.

In 1997, the Kelemens defaulted on the note and a decree of foreclosure was ultimately entered. When the property was sold at public auction a substantial deficiency remained, and the bank applied Mrs. Engelhoven's $35,000.00 certificate of deposit to the Kelemens' debt.

Mrs. Engelhoven was then permitted to intervene in the lawsuit and reopen the case. She filed a motion for partial summary judgment, contending that she was a surety or guarantor, that the increases in the interest rate were material alterations, and that because she did not consent to the interest-rate increases she was relieved of her obligation as a surety. The chancellor granted the motion, and the bank now appeals. We agree with the bank and reverse and remand.

A guarantor, like a surety, is a favorite of the law, and her liability is not to be extended by implication beyond the expressed

terms of the agreement or its plain intent. *National Bank of Eastern Arkansas v. Collins*, 236 Ark. 822, 370 S.W.2d 91 (1963); *Moore v. First National Bank of Hot Springs*, 3 Ark. App. 146, 623 S.W.2d 530 (1981). A guarantor is entitled to have her undertaking strictly construed and she cannot be held liable beyond the strict terms of her contract. *Inter-Sport, Inc. v. Wilson*, 281 Ark. 56, 661 S.W.2d 367 (1983); *Lee v. Vaughn*, 259 Ark. 424, 534 S.W.2d 221 (1976). Any material alteration of the obligation assumed, made without the consent of the guarantor, discharges her. *Wynne, Love & Co. v. Bunch*, 157 Ark. 395, 248 S.W.2d 286 (1923); *Continental Ozark, Inc. v. Lair*, 29 Ark. App. 25, 779 S.W.2d 187 (1989).

■ If, however, the guaranty agreement specifically provides it will not be affected by renewals or extensions of the obligation guaranteed, that provision will be honored. *Smith v. Elder*, 312 Ark. 384, 849 S.W.2d 513 (1993); *Germer v. Missouri Portland Cement Co.*, 301 Ark. 277, 783 S.W.2d 359 (1990); *Gentry v. First American National Bank*, 264 Ark. 796, 575 S.W.2d 152 (1979).

■ Finally, where the guaranty contract contains a provision that authorizes a change in the terms of the principal contract, a change within the scope of that authorization does not discharge the guarantor. *First Commercial Corp. v. Geter*, 547 P.2d 1291 (Colo. Ct. App. 1976); *see also, e.g., United States v. Rollinson*, 866 F.2d 1463 (D.C. Cir. 1989); *Holden v. National Blvd. Bank of Chicago*, 596 N.E.2d 47 (Ill. App. Ct. 1992); *Citizens & Southern National Bank v. Richardson*, 378 S.E.2d 159 (Ga. Ct. App. 1989); *In the Matter of the Estate of Bluestone*, 329 N.W.2d 446 (Mich. Ct. App. 1982);10 Samuel Williston, *Treatise on the Law of Contracts* § 1242 (3d ed. 1961); 38 AM. JUR.2d *Guaranty* § 85 (1999).

In the case at bar, the "Assignment of Deposit" provided that the certificate of deposit was pledged to secure the original loan to the Kelemens, "plus all extensions, renewals, modifications, and substitutions." It is the court's duty to enforce valid agreements between the parties, not to rewrite them. *Curry v. Commercial Loan & Trust Co.*, 241 Ark. 419, 407 S.W.2d 942 (1966).

■ We conclude that the trial court erred in granting summary judgment in favor of Mrs. Engelhoven.

Reversed and remanded.

Hart and Roaf, JJ., agree.